**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-4402**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TRAVIS LAMONE BETHEA,

Defendant - Appellant.

———————

Appeal from the United States District Court for the District of
South Carolina, at Florence.  Terry L. Wooten, District Judge.
(CR-03-847)

———————

Submitted:  October 19, 2005        Decided:  November 15, 2005

———————

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

William F. Nettles, IV, Assistant Federal Public Defender,
Florence, South Carolina, for Appellant.  Jonathan S. Gasser,
Acting United States Attorney, Rose Mary Parham, Assistant United
States Attorney, Florence, South Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Travis Lamone Bethea pled guilty to being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1), 924(e) (2000). He was sentenced to 120 months of imprisonment. On appeal, his attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising the issue of whether the court fully complied with Fed. R. Crim. P. 11 in accepting Bethea's guilty plea, and whether Bethea was sentenced in violation of Blakely v. Washington, 542 U.S. 296 (2004). Although advised of his right to do so, Bethea has not filed a supplemental pro se brief.

Because Bethea did not move in the district court to withdraw his guilty plea, his challenge to the adequacy of the Rule 11 hearing is reviewed for plain error. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (holding that "plain error analysis is the proper standard for review of forfeited error in the Rule 11 context"). Before a reviewing court may correct a trial error to which there was no contemporaneous objection, three factors must be shown: (1) there was error, (2) the error was plain, and (3) the error affected substantial rights. See United States v. Olano, 507 U.S. 725, 732 (1993). If these three factors are satisfied, an appellate court should exercise its discretion to correct the error when the error "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"

<u>Id.</u> at 736 (quoting <u>United States v. Atkinson</u>, 297 U.S. 157, 160 (1936)).

We have reviewed the record and conclude that the district court fully complied with Rule 11, with one exception. It appears the court failed to inform Bethea of the Government's right to use his statements made under oath in a prosecution for perjury or false statement. <u>See</u> Fed. R. Crim. P. 11(b)(1)(A). However, after a full review of the record, we conclude that this omission did not "'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" <u>Olano</u>, 507 U.S. at 736.

Bethea also maintains that he was sentenced in violation of his Sixth Amendment right to a jury trial under <u>Blakely</u>. Because Bethea did not raise this issue in the district court, we review for plain error. <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 547 (4th Cir. 2005). In <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), the Supreme Court extended the holding of <u>Blakely</u> and held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). The Court remedied the constitutional violation by making the Guidelines advisory through the removal of two statutory provisions that had rendered them mandatory. <u>Id.</u> at 746 (Stevens, J., opinion of the Court); <u>id.</u> at 756-67 (Breyer, J.,

opinion of the Court).  In this case, Bethea negotiated a 120-month sentence in exchange for the Government's dismissal of count two of the indictment.  Because Bethea stipulated to a particular sentence, and received that exact sentence, we find that resentencing is not warranted.  Cf. United States v. Silva, 413 F.3d 1283, 1284 (10th Cir. 2005) (holding that the district court did not commit Booker error in sentencing the defendant to the specific sentence bargained for in the plea agreement); United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005) (stating "[a] sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself, not from the Guidelines," and, therefore, "[a]s Booker is concerned with sentences arising under the Guidelines, it is inapplicable in this [Rule 11(c)(1)(C)] situation.").

Pursuant to Anders, we have reviewed the record for reversible error and found none.  We therefore affirm Bethea's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately

presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED