AGEE, Circuit Judge,
dissenting:
The majority opinion correctly identifies the issue on appeal in this case, that is, whether the district court had jurisdiction to grant the motions by Darrell Dews and Brian Allen (collectively “the Defendants”) under 18 U.S.C. § 3582(c)(2) for a reduction of sentence. The majority also eor-rectly notes that a defendant seeking relief under that statute must satisfy two requirements in order to establish the district court’s authority to consider such a motion. First, the defendant’s sentence must be one that was “based on a sentencing range” and, second, that sentence range “has subsequently been lowered by the Sentencing Commission.... ” In this case, the Defendants cannot meet the threshold jurisdictional requirement because their respective sentences arose from a' Rule 11(e)(1)(C) plea and were based on the explicit, agreed sentence under their plea agreements and not “based on a sentencing range.” I therefore would affirm the district court’s judgment that it lacked “authority to modify a sentence under 18 U.S.C. § 3582(c) when a sentence is imposed under Rule 11(e)(1)(C).” United States v. Allen, No. 8:97-cr-0432-DKC, slip op. at 2 (D.Md. Mar. 10, 2008).
I. RULE 11(e)
The Defendants each entered into plea agreements with unequivocal and identical terms: “the parties stipulate and agree pursuant to Federal Rule Criminal Procedure 11(e)(1)(C) that the following sentence is the appropriate disposition in this case: A term of imprisonment of 168 months.[1] (JA 30, 37.) It is equally plain from the record that the district court unequivocally accepted both plea agreements and upon acceptance of the plea agreements, dutifully imposed the precise sentence specified in the agreements: 168 months of incarceration.
*213 The plea agreements, their acceptance by the district court, and the imposition of the agreed sentences all took place in 1998. At that $me, the applicable rules were Rules 11(e)(1)(C) and 11(e)(3) which provided in pertinent part as follows:[2] (e) Plea Agreement Procedure.
(1) In General. The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:
(C) agree that a specific sentence is the appropriate disposition of the case.
(3) Acceptance of a Plea Agreement. If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.
Fed.R.Crim.P. 11(e).
Guided by the foregoing provisions of Rule 11, the parties attempted to reach a disposition of their respective cases. In doing so, they obviously reviewed the Sentencing Guidelines in order to determine whether entering into a plea agreement was in the best interest of each party and, if so, upon what terms a mutually acceptable agreement could be reached. It is difficult to conceive of any criminal case in which the parties and their counsel would not do exactly as was done in this case, both in order to evaluate an agreement and to fulfill counsel’s duty to effectively represent their clients. Moreover, it would be common and prudent practice to set out for the sentencing court in the plea agreement the basis for the agreed sentence so as to assist the court in evaluating whether to accept the plea agreement. This is particularly so in a Rule 11(e) context because once adopted by the court, the plea agreement was binding. Rule 11(e)(3).
The sentencing court in this case properly undertook its responsibility to examine the proposed terms of the plea agreements in the context of the Sentencing Guidelines. Before the United States Supreme Court’s decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), a sentencing court was under a duty to evaluate a plea agreement’s proposed sentence in relation to the guidelines.
Thus, where the parties have agreed to a particular sentence pursuant to Rule 11(e)(1)(C), for example, the court has the power — and under the Sentencing Guidelines, the explicit obligation — to consider whether that sentence is adequate and to reject the plea agreement if the court finds it not to be. [U.S. Sentencing Guidelines Manual] § 6B 1.2(c).
United States v. Kraus, 137 F.3d 447, 453 (7th Cir.1998); see also United States v. Carrozza, 4 F.3d 70, 87 (1st Cir.1993).
A sentencing judge who ignored consideration of the Sentencing Guidelines in evaluating whether to accept a plea agreement and its agreed sentence, would have been derelict in his or her judicial duties and would have acted in error. See U.S. Sentencing Guidelines Manual § 6B1.2 (1997). Thus, in the case at bar, the parties and the sentencing court examined the Sentencing Guidelines as a means of deter *214 mining whether the terms of the plea agreement complied with the applicable law and thus could be validly accepted by the court. However, the ultimate determination of the sentence actually imposed on the Defendants was the precise term under the plea agreements as required by Rule 11(e)(3): a sentence of 168 months.
The majority opinion, erroneously in my view, takes this ordinary due diligence in a criminal case involving a plea agreement and transforms that review activity into a means to rewrite the plea agreements contrary to the terms agreed upon by the parties and adopted by the sentencing court. Although the majority opinion correctly recognizes that “a sentencing court is bound to impose a sentence consistent with the plea agreement once the court accepts the agreement,” it then incorrectly looks beyond the explicit and fixed sentencing term of the plea agreement to the deliberations of the parties and the court’s review as the basis for the sentence imposed. The majority concludes “that the sentencing guidelines played a central role in the District Judge’s sentencing of both appellants.” Supra at 12. This “central role” apparently functions, for the majority, as the means to meet the § 3582(c)(2) requirement of “a term of imprisonment based on a sentencing range.” I disagree with the majority’s conclusion for two reasons.
First, the plea agreements, binding on all once accepted by the court, were explicit in a fixed term of 168 months, not a term “based on a sentencing range” or any other factor. Second, a sentence derived from a Rule 11(e)(1)(C) plea agreement is “based on” that agreement and is not a sentence “based on a sentencing range” as a matter of law.
A plea agreement is a contract between the parties and is binding on them according to its terms. “Under contract principles, a plea agreement necessarily ‘works both ways. Not only must the government comply with its terms and conditions, but so must [the defendant].’ ” United States v. Williams, 510 F.3d 416, 422 (3d Cir.2007) (quoting United States v. Carrara, 49 F.3d 105, 107 (3d Cir.1995)). The plea agreement, once accepted by the court, cannot be altered without the consent of the parties.
If [a plea agreement] is unambiguous as a matter of law, and there is no suggestion of government overreaching of any kind, the agreement should be interpreted and enforced accordingly. Neither side should be able, any more than would be private contracting parties, unilaterally to renege or seek modification simply because of uninduced mistake or change of mind.
United States v. Harvey, 791 F.2d 294, 300 (4th Cir.1986). Nor may the court modify a plea agreement on its own. United States v. Wood, 378 F.3d 342, 350 (4th Cir.2004); see also United States v. Holman, 728 F.2d 809, 813 (6th Cir.1984) (“Once the court unqualifiedly accepts the agreement it too is bound by the bargain.”).
The sentencing court unequivocally accepted the plea agreement and thus became bound by its terms, specifically the 168 month sentence. That sentence was not defined merely by some indefinite calculus under the Sentencing Guidelines to be determined by the court, but was an explicit term certain of 168 months. The Defendants have claimed no ambiguity in their contract, that there was any matter of mutual mistake, or that any grounds exist that would make the plea agreement invalid. Neither do the Defendants ask to withdraw their plea agreement. Instead they desire to keep all the benefits of the plea agreement, like the low fixed sentence, while recasting its terms to claim a *215 benefit which they failed to include in their contract with the Government and the sentencing court (a sentence not based on the Rule 11(e) plea but on a “sentencing range”). The Defendants negotiated away this option in 1998 by not so providing in the plea agreements. I submit an ex post contract addition cannot be awarded to them now by this Court as the majority in effect proposes to do. The Defendants are bound by the explicit term of the plea agreements which did not include a sentence “based on a sentencing range” but a fixed term certain.
Accordingly, I would conclude on that basis alone that the district court correctly determined that it did not have jurisdiction to consider the Defendant’s § 3582(c)(2) motion for reduction of sentence. However, an at least equally compelling basis to affirm the judgment of the district court comes from the unanimous conclusion of the circuit courts of appeal that have considered this issue. All have concluded that a sentence imposed under a Rule 11(e)(1)(C) plea agreement is based on that agreement and not a “sentencing range” as a matter of law.
II. CIRCUIT COURT OF APPEALS DECISIONS
In United States v. Heard, 359 F.3d 544 (D.C.Cir.2004), the Court of Appeals for the District of Columbia Circuit precisely stated the controlling principle: “A sentence arising from a Rule 11(e)(1)(C) plea, however, does not result from the determination of an appropriate guidelines offense level, but rather from the agreement of the parties: an agreement that is binding on the court once it is accepted by the court.” Id. at 548 (internal quotation marks omitted). Although the Heard decision was not in a § 3582(c)(2) context, its language is applicable here and the foregoing rule is aptly confirmed by the following cases which specifically dealt with a Rule 11(e) plea and a § 3582(c)(2) motion.
In United States v. Trujeque, 100 F.3d 869 (10th Cir.1996), the Tenth Circuit held the district court was without authority to consider a § 3582(c)(2) motion where the sentence imposed was pursuant to a Rule 11(e)(1) plea agreement. In that case, the defendant entered into a plea agreement specifying a stipulated sentence of 84 months despite a guideline range of 27 to 33 months. In accepting the plea agreement, the sentencing court specifically found that the defendant’s “offense level is 18 and the criminal history category is 1, establishing a guideline imprisonment range of 27 to 33 months. However, pursuant to the Federal Rules of Criminal Procedure, Section 11(e)(1)(C), the stipulated sentence is 84 months.” Id. at 871. The defendant was then sentenced to the stipulated 84 month term. Id. After an amendment by the Sentencing Commission to the guidelines that would have been retroactively applicable to the defendant’s crimes, he filed a § 3582(c)(2) motion for reduction of sentence. The district court denied that motion. Id. at 870.
On appeal, the Tenth Circuit noted that the district court should have dismissed the motion because it lacked authority to consider it. While the district court, and the court of appeals, had jurisdiction to determine whether § 3582(c)(2) could apply, since the sentence at issue was imposed under a Rule 11(e)(1)(C) plea agreement, it could not be “based on a sentencing range” and thus the district court lacked statutory authority to grant the motion. Despite the fact that the sentencing court had clearly considered the sentencing guidelines in reaching its decision to accept the plea agreement, that due diligence activity did not change the determination that the sentence was derived from a Rule 11(e)(1)(C) plea be *216 cause “Mr. Trujeque’s sentence was not ‘based on a sentencing range that has subsequently been lowered by the Sentencing Commission,’ see 18 U.S.C. § 3582(c)(2). Instead, his sentence was based on a valid Rule 11(e)(1)(C) plea agreement.” Id. at 871.
In view of that clear holding, I cannot agree with the majority’s statement that its holding in this case is consistent with Trujeque. To the contrary, the majority’s opinion contradicts the basis of the Tenth Circuit’s decision: that a plea entered pursuant to Rule 11(e)(1)(C) is not cognizable by a § 3582(c)(2) motion.
The Seventh Circuit Court of Appeals reached a similar conclusion in an unpublished opinion, United States v. Hemminger, 114 F.3d 1192 (7th Cir.1997) (unpublished table decision). In that case, the district court accepted the plea agreement under Rule 11(e)(1)(C) and then imposed the specific sentence it required: 126 months. Id. at *1-2.
After Hemminger’s direct appeals and collateral challenges failed, he filed a § 3582(c)(2) motion to reduce his sentence because subsequent retroactive Sentencing Guidelines amendments arguably could reduce his sentence. The district court denied the § 3582 motion and the Seventh Circuit affirmed
for a simple but compelling reason: a sentence imposed following a plea under Rule 11(e)(1)(C) cannot be altered even if the Sentencing Commission designates certain changes to the Guidelines as retroactive.
After accepting the agreement, the court “is not free to visit the plea agreement simply because, for whatever reason, the defendant later comes back to the court for resentencing.” United States v. Ritsema, 89 F.3d 392, 399 (7th Cir.1996). See also United States v. Barnes, 83 F.3d 934, 938 (7th Cir.1996). The sentence under a Rule 11(e)(1)(C) plea rests on the parties’ agreement, not on a calculation under the Sentencing Guidelines.
Id. at *2-3.
In United States v. Peveler, 359 F.3d 369 (6th Cir.2004), the Sixth Circuit Court of Appeals confirmed that a sentence imposed under a Rule 11(e)(1)(C) plea agreement is not a sentence for which a § 3582(c)(2) motion may be entertained. The plea agreement in Peveler, as in the case at bar, recited the parties’ agreement upon various provisions of the Sentencing Guidelines including the base offense level, adjustments and criminal history category, with citations to the appropriate Sentencing Guidelines sections. With an agreed guideline range determined, the plea agreement then stipulated “a sentence of imprisonment at the low end of the applicable Guideline Range....” Id. at 372-73. The sentencing court accepted the plea agreement and imposed a 181 month sentence which was within the plea agreement’s applicable guideline range. Id. at 373.
When the Sentencing Commission subsequently adopted an amendment with retroactive effect that could be applicable to Peveler’s existing sentence, he sought a reduction by a § 3582(c)(2) motion. The district court denied the motion. Id. at 371.
Citing Trujeque and Hemminger, the Sixth Circuit affirmed the district court. Even though Peveler’s plea agreement did not provide a fixed term certain of incarceration, but a range from which the court could select, the Sixth Circuit plainly held that a sentencing court had no authority to act under a § 3582(c)(2) motion where the sentence at issue was imposed under a Rule 11(e)(1)(C) plea.
*217 [A]bsent an agreement of the parties, the plain language of the current version of Rule 11(e)(1)(C), now Rule 11(c)(1)(C), generally precludes the district court from altering the parties’ agreed-upon sentence under 18 U.S.C. § 3582(c). This conclusion applies despite the ret-roactivity of a subsequent amendment to a relevant guideline utilized to determine the defendant’s sentence.
Id. at 379.
The Fifth and Ninth Circuits have similarly addressed the impact of a sentence under a plea agreement governed by Rule 11(e)(1)(C) in unpublished opinions. In United States v. Brown, 71 Fed.Appx. 383 (5th Cir.2003) (unpublished) (per curiam), the Fifth Circuit affirmed the denial of a § 3582(c) motion for reduction of sentence because the defendant’s “sentence was imposed in accordance with Rule 11(e)(1)(C), 18 U.S.C. § 3582(c)(2) does not apply.” Id. at 384.
The Ninth Circuit, in United States v. McKenna, No. 97-30173, 1998 WL 30793, 1998 U.S.App. LEXIS 808 (9th Cir.Jan. 16, 1998) (mem.), affirmed the district court’s denial of a defendant’s § 3582(c)(2) motion to modify his sentence based on later retroactive guideline amendments. In McKen-na, the sentencing court adopted the plea agreement under Rule 11(e)(1)(C) and sentenced the defendant to the agreed upon term of 84 months imprisonment. Id. 1998 WL 30793, 1998 U.S.App. LEXIS 808 at *3. In affirming the district court’s subsequent dismissal of McKenna’s § 3582(c) motion, the Ninth Circuit opined that:
McKenna’s sentence was not predicated on a sentencing guideline range, but rather on the agreed upon sentence in the 11(e)(1)(C) plea agreement....
These facts established that McKen-na’s sentence was not predicated on a sentencing guideline range that has been subsequently lowered, but rather on a valid Rule 11(e)(1)(C) plea agreement.

Id.

[3]

Notwithstanding the authoritative reasoning of the foregoing opinions from our sister circuits, the majority nevertheless concludes that the district court had the requisite authority to act upon the Defendants’ § 3582(c)(2) motions. That decision is based, in part, on the supposition that since the plea agreements did not specifically address the possible future impact of § 3582(c)(2), a Rule 11(e)(1)(C) sentence would not be a determinative jurisdictional factor: “[Hjere the parties’ bargains might have, but did not, address the future application of Section 3582(c)(2).” Supra at 19.
The explanation for this omission is straightforward. There was simply no reason for the plea agreements, much less the sentencing court, to address any impact of § 3582(c)(2) because it could have none under the plain terms of the plea agreement and because a parties’ agreed sentence imposed under a Rule 11(e)(1)(C) plea agreement cannot, as a matter of law, be a § 3582(c)(2) “term of imprisonment based on a sentencing range.” There was no rational or legal reason to include in the plea agreements a provision which was unnecessary. As noted earlier, the Defendants could have made contractual provi *218 sions allowing their sentences to be modified upon the occurrence of future events but failed to do so. A favorable change in the law which comes to pass after the plea is one such circumstance, but which we have held is waived because it was not raised when the contract was formed.
A plea agreement, like any contract, allocates risk. See United States v. Ringling, 988 F.2d 504, 506 (4th Cir.1993). “And the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompanies a guilty plea.” [United States v.] Sahlin, 399 F.3d [27,] 31 [ (1st Cir. 2005) ]; United States v. Khattak, 273 F.3d 557, 561 (3d Cir.2001) (“Waivers of the legal consequences of unknown future events are commonplace.”).
United States v. Johnson, 410 F.3d 137, 153 (4th Cir.2005).
The Defendants received the exact sentence for which they bargained, 168 months, under Rule 11(e). As that sentence was not “based on a sentencing range,” the district court had no authority to grant the Defendants’ §,3582(c)(2) motions and did not err in dismissing those motions. Therefore, for all the foregoing reasons, I respectfully dissent from the majority opinion and would affirm the judgment of the district court.

. The majority notes that Allen's plea agreement stipulated that his sentence would be 188 months if his criminal history was assessed in category IV. Supra at 9. That the Government conditioned its agreement to the 168-month sentence on the assessment of criminal history category III does not alter the fact that the sentence the sentencing court imposed was based on the agreement, not a sentencing range.

. In 1999, Rule 11(e) was revised and now is renumbered as Rule 11(c). It is uncontested that the former Rule 11(e) is the applicable Rule in the case at bar.

. Although the Fourth Circuit has not directly addressed the Section 3582(c)(2) issue before us in a Rule 11(e)(1)(C) context, we have implied a similar result in accord with the recited decisions of the circuit courts of appeal. In United States v. Bethea, 154 Fed.Appx. 329 (4th Cir.2005) (unpublished) (per curiam) we referred to United States v. Cieslowski 410 F.3d 353, 364 (7th Cir.2005) for the proposition that “a sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself and not from the guidelines....” 154 Fed.Appx. at 331.