**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 11-4937**

_____

UNITED STATES OF AMERICA,

             Plaintiff- Appellee,

     v.

DARIUS GASKINS,

             Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   William D. Quarles, Jr., District
Judge.  (1:11-cr-00173-WDQ-1)

_____

Submitted:  March 2, 2012          Decided:  March 13, 2012

_____

Before KING and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

_____

James Wyda, Federal Public Defender, Gary W. Christopher, First
Assistant Federal Public Defender, Baltimore, Maryland, for
Appellant.   John Walter Sippel, Jr., Assistant United States
Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darius Gaskins seeks to appeal his conviction and the 140-month sentence imposed pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement after Gaskins pled guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c) (2006). Gaskins's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that Gaskins's plea was invalid. The Government has moved to dismiss the appeal of Gaskins's sentence pursuant to Gaskins's waiver of appellate review in the plea agreement. For the reasons that follow, we affirm Gaskins's conviction and dismiss his appeal of his sentence.

As to the validity of Gaskins's plea, this court reviews the Fed. R. Crim. P. 11 plea colloquy for plain error. United States v. Martinez, 277 F.3d 517, 525-26 (4th Cir. 2002). Our review of the record confirms that the Rule 11 colloquy was free of plain error and that Gaskins's plea was knowing and voluntary. We therefore affirm Gaskins's conviction.

As to Gaskins's sentence, we note that it was imposed pursuant to a Rule 11(c)(1)(C) plea agreement. "A defendant receiving a sentence under a Rule [11(c)(1)(C)] plea agreement may appeal only when his sentence was imposed in violation of law or was imposed as a result of an incorrect application of

2

the sentencing [G]uidelines." United States v. Sanchez, 146 F.3d 796, 797 (10th Cir. 1998) (internal quotation marks and alteration omitted); 18 U.S.C. § 3742(c)(1). A sentence within the statutory parameters is not imposed in violation of law. See, e.g., United States v. Littlefield, 105 F.3d 527, 527-28 (9th Cir. 1997) (per curiam). A sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement cannot be the result of an incorrect application of the Guidelines because the agreement is contractual and not based on the Guidelines. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005); United States v. Bethea, 154 F. App'x 329, 331 (4th Cir. 2005) (No. 04-4402). Gaskins's 140-month sentence is therefore not the result of an incorrect application of the Guidelines, nor was it imposed in violation of the law as it is within the applicable statutory parameters. This court thus lacks jurisdiction to review Gaskins's sentence, and the appeal of his sentence is therefore dismissed.

Accordingly, we affirm Gaskins's conviction, grant the Government's motion to dismiss in part, and dismiss the appeal of Gaskins's sentence. This court requires that counsel inform Gaskins, in writing, of his right to petition the Supreme Court of the United States for further review. If Gaskins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court

3

for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gaskins. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

4