134 F.3d 380
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Peter J. MCKENNA, Defendant-Appellant.
 No. 97-30173.
 United States Court of Appeals, Ninth Circuit.
 Submitted January 12, 1998.**
Decided Jan. 16, 1998.
 
 Before: BROWNING, KLEINFELD, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Peter McKenna appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence, for his guilty plea conviction to conspiracy to manufacture, possess and distribute marijuana, in violation of 21 U.S.C. § 846. McKenna contends that the district court erroneously determined that Amendment 516 of the Sentencing Guidelines did not reduce his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review for an abuse of discretion, see United States v. Cueto, 9 F.3d 1438, 1440-41 (9th Cir.1993), and we affirm.
 
 
 3
 McKenna argues that the district court erred by denying his motion for resentencing under 18 U.S.C. § 3582(c).
 
 
 4
 Pursuant to 18 U.S.C. § 3582(c)(2), the district court has the discretion to reduce "a term of imprisonment based on a sentencing range that has been subsequently lowered." See U.S.S.G. § 1B1.10(a); United States v. Wales, 977 F.2d 1323, 1327-28 (9th Cir.1992). Amendment 516 of the Guidelines reduces the marijuana plant equivalency from 1,000 grams to 100 grams per plant. See U.S.S.G. § 1B1.10(c) (Nov.1995) (listing Amendment 516). Where the defendant is not sentenced pursuant to a Guideline sentencing range, a district court has no authority to reduce the sentence under 18 U.S.C. § 3582(c). See United States v. Mullanix, 99 F.3d 323, 324 (9th Cir.1996), cert. denied, 117 S.Ct. 1457 (1997).
 
 
 5
 Here, McKenna's sentence was not predicated on a sentencing guideline range, but rather on the agreed upon sentence in the 11(e)(1)(C) plea agreement. McKenna was subject to a ten-year mandatory minimum term of imprisonment under section 841(b)(1)(A)(vii). See Mullanix, 99 F.3d at 324. Pursuant to his plea agreement, however, the government recommended an 84-month sentence in exchange for McKenna's substantial assistance. The court granted the government's motion to depart below the ten-year statutory minimum and sentenced McKenna to 84 months.
 
 
 6
 These facts establish that McKenna's sentence was not predicated on a sentencing guideline range that has been subsequently lowered, but rather on a valid Rule 11(e)(1)(C) plea agreement. See 18 U.S.C. § 3582, cf. Mullanix, 99 F.3d at 324 (holding that sentence was based on statutory minimum and not Guideline sentencing range) Moreover, in denying McKenna's motion to reduce his sentence, the district court determined that had the amendment been in effect at the time of sentencing, it would have imposed the same negotiated 84-month sentence. See U.S.S.G. § 1B1.10(b) (1995) (allowing courts to consider the sentence it would have imposed had the amendments been in effect at the time of sentencing). Accordingly, the district court did not abuse its discretion by refusing to reduce McKenna's sentence. See Wales, 977 F.2d at 1327-28; Cueto, 9 F.3d at 1441.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3