Rehearing en banc granted, February 20, 2009
Dismissed as moot, May 4, 2009

**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

　　　　*Plaintiff-Appellee,*

v.

DARRELL DEWS,

　　　　*Defendant-Appellant.*

No. 08-6458

UNITED STATES OF AMERICA,

　　　　*Plaintiff-Appellee,*

v.

BRIAN ALLEN,

　　　　*Defendant-Appellant.*

No. 08-6476

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(8:97-cr-00432-DKC-1; 8:97-cr-00432-DKC-3)

Argued: September 24, 2008

Decided: December 30, 2008

Before GREGORY and AGEE, Circuit Judges,
and T. S. ELLIS, III, Senior United States District Judge
for the Eastern District of Virginia, sitting by designation.

Reversed and remanded by published opinion. Senior Judge Ellis wrote the opinion, in which Judge Gregory joined. Judge Agee wrote a dissenting opinion.

---

## COUNSEL

**ARGUED:** Sapna Mirchandani, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellants. Barbara Slaymaker Sale, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, Baltimore, Maryland; Sherri Keene, Staff Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellants. Rod J. Rosenstein, United States Attorney, Mythili Raman, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

---

## OPINION

ELLIS, Senior District Judge:

Appellants, Darrell Dews and Brian Allen, pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of money laundering pursuant to plea agreements entered into under Rule 11(e)(1)(C), Fed. R. Crim. P.[1] Both plea agreements included

---

[1]Rule 11(e)(1)(C) was amended in 1999 and subsequently renumbered as Rule 11(c)(1)(C), Fed. R. Crim. P. The version of Rule 11(e)(1)(C) in effect at the time appellants were sentenced allowed the government and the defendant to "agree that a specific sentence is the appropriate disposition of the case." Rule 11(e)(1)(C), Fed. R. Crim. P. (1998). In addition, Rule 11(e)(3)—the equivalent of which is now located at Rule 11(c)(4)—stated that "[i]f the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement." Rule 11(e)(3), Fed. R. Crim. P. (1998).

an agreement that a custody sentence of 168 months would be the appropriate disposition of the case. Thereafter, a probation officer prepared presentence reports calculating the appropriate guidelines sentencing range. At each sentencing, the district judge considered the presentence investigation report, carefully ascertained the appropriate sentencing guidelines range, and then elected to impose a sentence of 168 months, the bottom of the applicable sentencing guidelines range and the sentence agreed upon in the Rule 11(e)(1)(C) plea agreements. Almost ten years later, the Sentencing Commission retroactively amended the guideline that applies to crack cocaine offenses. Based on the amendment, appellants moved for a reduction in sentence, which motions the district court denied on the ground that sentences imposed following a plea under Rule 11(e)(1)(C) are not eligible for reduction under 18 U.S.C. § 3582(c)(2). For the reasons that follow, we disagree and accordingly reverse and remand.

I.

A.

On April 14, 1998, Dews entered into a plea agreement with the government in which he agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of money laundering. In the plea agreement, Dews and the government agreed pursuant to Rule 11(e)(1)(C), Fed. R. Crim. P., that the appropriate disposition of the case was a term of imprisonment of 168 months followed by five years of supervised release. The plea agreement explicitly stated, however, that "[i]n the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement." (J.A. 38.) Both sides agreed that "[i]n the event that the Court rejects this plea agreement, *either* party may elect to declare the agreement null and void." (J.A. 37.)

Both sides also accepted that "a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984" and that "the Court will impose a sentence within that guideline range" unless it found a basis for departure. (J.A. 35.)[2] Because of the importance of the sentencing guidelines range,[3] the parties stipulated to a number of guidelines factors, agreeing, for example, "that at least 1½ kilograms of cocaine base were reasonably foreseeable to Mr. Dews and within the scope of his agreement and involvement, resulting in a base offense level of 38 pursuant to Sentencing Guideline [sic] §§ 2D1.1 (Cocaine distribution and conspiracy) and 1B1.3 (Relevant Conduct)." (J.A. 35–36.) The parties also agreed that the drug trafficking and money laundering offenses should be treated as closely related counts pursuant to U.S.S.G. § 3D1.1 and that a three-level downward adjustment would be appropriate to reflect Dews's timely plea and his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. There was no agreement with respect to Dews's criminal history category.[4]

Although the parties stipulated to several sentencing factors, they understood that the district judge would not rely

---

[2]The plea agreement also stated that the court would find a basis for departure if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines, which should result in a sentence different from the guideline range." (J.A. 35.)

[3]Although prior to *United States v. Booker*, 543 U.S. 220 (2005), adherence to the sentencing guidelines was generally mandatory, there was a circuit split "as to whether a district court ha[d] the authority to accept a Rule 11(c)(1)(C) [formerly Rule 11(e)(1)(C)] plea agreement that disregarded the applicable Sentencing Guidelines range." *United States v. Bundy*, 359 F. Supp. 2d 535, 538 (W.D. Va. 2005). Although no published Fourth Circuit decision addressed the issue, the district court and the parties apparently proceeded on the basis that the sentencing guidelines were controlling.

[4]Although there was no agreement as to Dews's criminal history category, the parties expected that his criminal history category would be I, in which case 168 months would be the bottom of the guidelines range.

exclusively on the parties' stipulation as to the sentencing factors and the sentence, but would also consider the results of the probation officer's presentence report and independently calculate the sentencing guidelines range. The plea agreement stated that Dews could not withdraw his plea simply because the district judge might ultimately determine sentencing factors different from those anticipated by the parties. Rather, the plea agreement made clear that Dews could withdraw his plea only in the event that the district judge imposed a sentence other than 168 months. Alternatively, if the district judge imposed a greater sentence, Dews could choose not to withdraw his plea, but instead to appeal the district judge's guidelines range calculation.

On April 14, 1998, the district judge reviewed the terms of the plea agreement with the parties and accepted Dews's plea of guilty. Yet, the district judge deferred a decision on whether to accept the plea agreement, indicating that it would be necessary first to review the presentence report to determine whether the stipulated sentence was appropriate under the guidelines. During the plea hearing, the district judge noted the maximum penalty to which Dews could be sentenced, but stressed that "the actual sentence will be determined by reference to the sentencing guidelines." (J.A. 87.) Dews, the government, and the district judge clearly anticipated that the district judge would calculate the applicable guidelines range, determine whether the proposed term of imprisonment was within the range, and only then decide whether that sentence was appropriate.

A probation officer subsequently prepared a presentence report. Like the plea agreement, the presentence report stated that, under U.S.S.G. § 2D1.1, the base offense level for Dews's crack offense was 38. With a three-point deduction for acceptance of responsibility, the probation officer calculated an adjusted total offense level of 35.[5] The probation offi-

---

[5]Because the drug trafficking offense and the money laundering offense were grouped pursuant to U.S.S.G. § 3D1.2(b) and because the offense

cer also confirmed that Dews's criminal history category was I. Based on a total offense level of 35 and a criminal history category of I, the probation officer determined the guidelines imprisonment range was 168 to 210 months. The probation officer therefore concluded that the stipulated sentence was within the applicable guidelines range. At the sentencing hearing on May 29, 1998, neither Dews nor the government challenged any findings in the presentence report. Thereafter, the district judge sentenced Dews to 168 months of imprisonment, stating that "I will accept the recommendation in the plea agreement. It's within the guidelines. It is the lowest sentence available under those guidelines." (J.A. 118.)

## B.

The facts relating to Allen's plea and sentencing are essentially similar to those in Dews's case. On April 10, 1998, Allen entered into a plea agreement pursuant to Rule 11(e)(1)(C) in which he agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of money laundering. His plea agreement explicitly acknowledged that the district judge would determine the sentencing guidelines range and then impose a sentence within that range unless she found a basis for departure. The parties then stipulated to certain sentencing guidelines factors, including specifically that "at least 500 grams but not more than 1½ kilograms of cocaine base were reasonably foreseeable to Mr. Allen and within the scope of his agreement and involvement, resulting in a base offense level of 36 pursuant to Sentencing Guideline [sic] §§ 2D1.1 (Cocaine distribution and conspiracy) and 1B1.3 (Relevant Conduct)." (J.A. 28–29.) The parties also agreed that the drug trafficking and money laundering offenses were closely

---

level for the crack offense was the higher of the two, the probation officer correctly used the crack offense level as the base offense level for the group.

related counts under U.S.S.G. § 3D1.1 and that Allen should receive a three-level downward adjustment under U.S.S.G. § 3E1.1 to reflect his acceptance of responsibility and the timeliness of his plea. There was no agreement with respect to Allen's criminal history category, but the parties stated in the plea agreement that they believed it was III.

Based on these factors, Allen and the government agreed, pursuant to Rule 11(e)(1)(C), that the appropriate disposition of the case was for Allen to receive a term of imprisonment of 168 months in the event his criminal history category proved to be III or 188 months if his criminal history category turned out to be IV, with either term to be followed by five years of supervised release.[6] The agreement stressed, however, that "[i]n the federal system, sentence is imposed by the Court, [and] the Court is under no obligation to accept this plea agreement." (J.A. 30.) The agreement made clear that if the Court imposed a different sentence, "*either* party may elect to declare the agreement null and void." (J.A. 30.)

On April 10, 1998, the district judge conducted a plea hearing in Allen's case in which she reviewed the terms of the plea agreement with the parties. Although the district judge found a factual basis for the plea, she made clear that she would not accept the Rule 11(e)(1)(C) plea agreement until she had reviewed the presentence report, independently calculated the guidelines range, and then determined whether one of the agreed-upon sentences was appropriate "depending on what the guideline factors are." (J.A. 72.)

A probation officer subsequently prepared a presentence report that identified the facts relevant to the sentencing guidelines and determined, consistent with the plea agreement, that the adjusted combined offense level was 33. The

---

[6]As the government made clear at the plea hearing, "[i]n essence we've agreed that the low end of a category III, or the low end of a category IV is appropriate." (J.A. 60.)

probation officer further reported that Allen had a criminal history category of III and that the resulting guidelines range of imprisonment was 168 to 210 months.[7] At sentencing on June 10, 1998, the district judge adopted the proposed findings of the presentence report and sentenced Allen to 168 months of imprisonment. In doing so, the district judge stated that she had determined it was appropriate "to accept the plea agreement in this case and to agree to impose a sentence at the very lowest end of the applicable guideline range." (J.A. 134.)

Nearly ten years later, on February 21, 2008, Dews and Allen moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the Sentencing Commission's recent amendment to the crack cocaine guideline. On March 10, 2008, the district court denied their motions, concluding that it lacked authority to reduce their sentences under 18 U.S.C. § 3582(c)(2) because, in sentencing Dews and Allen, the district judge had accepted their Rule 11(e)(1)(C) plea agreements. Dews and Allen timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.[8]

## II.

The sole issue on appeal is whether the district court properly held that it lacked authority under 18 U.S.C. § 3582(c)(2) to consider appellants' motions for reduction of sentence on the ground that it had accepted their Rule 11(e)(1)(C) plea agreements when it imposed their sentences of imprisonment.

---

[7]The probation officer further indicated that in the event the district judge were to accept the plea agreement and impose 168 months of incarceration, Allen would be "held accountable for the total offense conduct" because that sentence was within the guidelines range. (J.A. 194.)

[8]Dews and Allen moved to have their appeals consolidated, and an Order was entered granting this motion on April 28, 2008. In addition, on May 1, 2008, an Order was entered granting Dews and Allen's motion to expedite briefing in this appeal. It is worth noting in this regard that Dews's current projected release date is January 31, 2009, and Allen's is January 25, 2010.

This is a legal question, and our review is accordingly *de novo*. *See United States v. Smith*, 115 F.3d 241, 244 (4th Cir. 1997).

Analysis of the question presented properly begins with a consideration of the pertinent terms of 18 U.S.C. § 3582(c)(2), which provides that a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." Thus, to be eligible for relief under § 3582(c)(2), appellants must meet two requirements: First, appellants' terms of imprisonment must have been based on a guidelines sentencing range; and second, that sentencing range must have been subsequently lowered. Both requirements are met here.

The first requirement is plainly met as the record is replete with evidence that the sentencing guidelines played a central role in the district judge's sentencing of both appellants. Thus, the record reflects that the parties in their plea agreements contemplated that the stipulated sentence would be a guidelines sentence, and the parties also expected that the district judge would independently calculate and determine the applicable guidelines range. It is noteworthy that the plea agreements correctly stated that "[i]n the federal system, sentence is imposed by the Court." (J.A. 30, 38) Hence, the parties recognized that the question whether the sentences imposed were based on the guidelines must be answered from the perspective of the sentencing district judge. In this respect, there is no doubt that from the perspective of the district judge Dews and Allen were "sentenced to a term of imprisonment based on a sentencing range." 18 U.S.C. § 3582(c)(2). Notably, the district judge accepted the recommended term of imprisonment only after carefully calculating the applicable guidelines range for each appellant and determining that the agreed-on sentence fell within the guidelines range. Indeed, in both cases the entire plea and sentencing process was predicated on the

understanding that the district judge would impose the recommended term of imprisonment only if she concluded that it was within the applicable guidelines range. In sum, then, appellants clearly meet the first requirement of § 3582(c)(2) in that they were both "sentenced to a term of imprisonment based on a sentencing range." *Id.*

With respect to § 3582(c)(2)'s second requirement, there is little doubt and no dispute that the relevant sentencing range was lowered subsequent to appellants' sentencings. Effective March 3, 2008, the Sentencing Commission retroactively amended U.S.S.G. § 2D1.1, reducing by two levels the base offense level for most crack cocaine offenses, including the offenses for which appellants were convicted. Thus, appellants fit squarely within § 3582(c)(2) as they were "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." *Id.* Accordingly, under the terms of § 3582(c)(2), appellants are eligible for a reduction in sentence reflecting the Sentencing Commission's guideline amendment.

Nor is this conclusion altered by the fact that appellants pled guilty pursuant to Rule 11(e)(1)(C). Nothing in that rule precludes a defendant pleading guilty under that rule from receiving the benefit of a later favorable retroactive amendment to the guidelines, provided, of course, that the requirements of § 3582(c)(2) are met. Neither the language nor the purpose of the rule addresses or precludes the later application of § 3582(c)(2) in appropriate circumstances. Put differently, a sentence may be *both* a guidelines-based sentence eligible for treatment under § 3582(c)(2) and a sentence stipulated to by the parties in a plea agreement pursuant to Rule 11(e)(1)(C). The parties in this case stipulated to a guidelines-based sentence in light of the circumstances that then existed; they did not agree that the stipulated sentence would be immutable for all time, regardless of what might happen in the future. Just as a stipulated sentence under Rule

11(e)(1)(C) might be later altered by way of a Rule 35 motion, a pardon, or a commutation, so, too, can a guidelines-based stipulated sentence be altered in the future pursuant to § 3582(c)(2), provided the requirements of that statute are met. In sum, then, we conclude that the district judge erred in concluding that she lacked authority to grant appellants' motions for reduction in sentence pursuant to § 3582(c)(2).

In reaching this result, we are cognizant that other circuits have reached a different result.[9] These cases fall into three categories. First, a number of these cases are distinguishable in that they did not involve guidelines-based sentences and hence did not meet the first requirement of § 3582(c)(2). For example, in *United States v. Trujeque*, 100 F.3d 869, 871 (10th Cir. 1996), the district court found that the applicable guidelines imprisonment range for the defendant was 27 to 33 months, but nonetheless sentenced him to 84 months, the sentence stipulated to in his Rule 11(e)(1)(C) plea agreement. The Tenth Circuit correctly concluded that "[t]hese facts establish that Mr. Trujeque's sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission'" and therefore held that the defendant was not eligible for § 3582(c)(2) relief. *Id.* (quoting 18 U.S.C. § 3582(c)(2)). Similarly, the defendant in *United States v. McKenna*, No. 97-30173, 1998 WL 30793, at *1 (9th Cir. Jan. 12, 1998), was subject to a ten-year mandatory minimum, but was sentenced to 84 months after the parties agreed on that sentence because of his substantial assistance. The

---

[9]In addition to relying on the decisions discussed below, the dissent also identifies *United States v. Heard*, 359 F.3d 544 (D.C. Cir. 2004) as precisely stating the controlling principle, even though that case did not involve the application of § 3582(c)(2). Although the dissent correctly quotes the *Heard* opinion as stating that "[a] sentence arising from a Rule 11(e)(1)(C) plea . . . does not result from the determination of an appropriate guidelines offense level," this statement is qualified a few sentences later when the court acknowledges that "there may be at least some Rule 11(e)(1)(C) sentences that do rest on a determination of offense levels." *Heard*, 359 F.3d at 196–97.

Ninth Circuit accordingly found, correctly, that "[h]ere, McKenna's sentence was not predicated on a sentencing guideline range, but rather on the agreed upon sentence in the 11(e)(1)(C) agreement." *Id.* The holdings of *Trujeque* and *McKenna* are consistent with our ruling today because we are not adopting a *per se* rule that every defendant whose sentence was imposed consistent with a Rule 11(e)(1)(C) plea agreement can seek a reduction in his sentence via § 3582(c)(2). Rather, in each case, the district court must determine whether the defendant meets the requirements of § 3582(c)(2).

The second category of decisions reaching a contrary result includes those in which the recitation of facts or reasoning is too cursory to permit a confident judgment as to the basis of the decision. For example, in *United States v. Brown*, 71 F. App'x 383, 384 (5th Cir. 2003), the Fifth Circuit held in a one-paragraph opinion that § 3582(c)(2) did not apply to a defendant who had been sentenced pursuant to a Rule 11(e)(1)(C) plea agreement without specifying whether the defendant's sentence was based on the guidelines. Similarly, *United States v. Hemminger*, No. 96-2081, 1997 WL 235838 (7th Cir. May 2, 1997), did not indicate whether the defendant received a guidelines-based sentence but nonetheless held that the defendant was not eligible for a reduction under § 3582(c)(2).[10]

---

[10]In *Hemminger*, the defendant's plea agreement "acknowledged that an agreement for a specific sentence 'is not contingent upon the probation officer's or the court's concurrence with . . . calculations' under the Sentencing Guidelines." 1997 WL 235838, at *1. Although this provision arguably indicates that the case belongs in the first category, this language can also be read as indicating that the defendant could not withdraw his plea solely because the district court might ultimately determine sentencing factors different from those anticipated by the parties. Thus, the unpublished *Hemminger* opinion discloses too little information to determine whether the sentence there in issue was a guidelines-based sentence. Moreover, the conclusory language in *Hemminger* cited in the dissent does not acknowledge or address the proposition advanced here that nothing precludes a sentence from being based on the guidelines *and* also agreed to under Rule 11(e)(1)(C).

The contrary decisions in the third category appear to announce a *per se* rule that the district court may not consider a § 3582(c)(2) motion if sentence was imposed pursuant to a Rule 11(e)(1)(C) plea agreement. In *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004), the defendant and the government stipulated to a term of imprisonment at the low end of the applicable guidelines range in a Rule 11(e)(1)(C) plea agreement that the district court accepted. When, years later, the defendant moved for a reduction of sentence under § 3582(c)(2), the Sixth Circuit held that the district court could not grant the motion. Although the court recognized that the Sentencing Commission had retroactively amended "a relevant guideline utilized to determine the defendant's sentence," it nonetheless concluded that Rule 11(e)(1)(C) precluded the district court from modifying the defendant's sentence under § 3582(c)(2). *Id.* at 379. In reaching that conclusion, the court stressed that under Rule 11(e)(1)(C), "once the court unqualifiedly accepts the agreement it too is bound by the bargain." *Id.* at 375 (citation and internal quotation marks omitted). The Sixth Circuit reasoned that the district court therefore lacked the "authority to alter or modify any sentence imposed under" a Rule 11(e)(1)(C) agreement. *Id.* at 376.

We decline to follow the Sixth Circuit's approach on this issue. We agree that, under former Rule 11(e)(1)(C) and its successor, a sentencing court is bound to impose a sentence consistent with the plea agreement once the court accepts the agreement, and if it does not do so, the parties may withdraw the agreement. Yet, it does not follow from this that the district court lacks authority to alter that sentence under § 3582(c)(2), provided the requirements of that provision are met. To be sure, a district court is bound by the parties' bargain, but here the parties' bargains might have, but did not, address the future application of § 3582(c)(2). In this circumstance, there is no reason in principle or in the language of Rule 11(e)(1)(C) that precludes a future application of § 3582(c)(2) in an appropriate case. Put another way, appel-

lants here agreed to plead guilty if the district court would sentence them to a guidelines term of imprisonment of 168 months, and the district court did so. They did not agree that they would not seek relief under § 3582(c)(2) in the event the Sentencing Commission retroactively amended a relevant guideline. The district court is accordingly free to consider their motions and to grant them if the district court finds it appropriate to do so in light of the relevant guideline amendment and the factors set forth in 18 U.S.C. § 3553(a).

Finally, we offer a brief comment concerning the well-written dissent, the essential crux of which is that a sentence imposed after the district court's acceptance of a Rule 11(e)(1)(C) plea agreement is never a sentence "based on a sentencing range" and is therefore ineligible for reduction under § 3582(c)(2) as a matter of law. According to the dissent, appellants' sentences—and the sentence of every defendant who pled guilty under Rule 11(e)(1)(C)—were "based on" their plea agreements and hence cannot be "based on a sentencing range." The flaw with this approach is that it lacks grounding in the text of either § 3582(c)(2) or Rule 11(e)(1)(C). The language of § 3582(c)(2) is plain: a court may reduce the term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered." The statute does not state that a sentence imposed consistent with a plea agreement cannot be "based on a sentencing range," nor does it state that the sentencing range must be the *sole* basis of the sentence. To conclude otherwise would require adding words to the statute, a task in the province of the legislature and not the judiciary. Similarly, nothing in Rule 11(e) compels the *per se* rule advocated by the dissent. Under the terms of the rule, a district judge who accepts a Rule 11(e)(1)(C) plea agreement must "embody in the judgment and sentence the disposition provided for in the plea agreement." Rule 11(e)(3), Fed. R. Civ. P. (1998). It does not follow, however, that such a sentence cannot also be based on a sentencing range, which these sentences clearly were.

Where, as here, the district judge clearly accepted the plea agreements only after determining that the stipulated sentences were within the applicable guidelines range, the sentences imposed were both guidelines-based—and hence eligible for § 3582(c)(2) treatment—and agreed to under Rule 11(e)(1)(C).

### III.

For the foregoing reasons, we reverse the district court's denial of Dews's and Allen's motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The case is remanded for further proceedings consistent with this opinion.[11]

*REVERSED AND REMANDED*

AGEE, Circuit Judge, dissenting:

The majority opinion correctly identifies the issue on appeal in this case, that is, whether the district court had jurisdiction to grant the motions by Darrell Dews and Brian Allen (collectively "the Defendants") under 18 U.S.C. § 3582(c)(2) for a reduction of sentence. The majority also correctly notes that a defendant seeking relief under that statute must satisfy two requirements in order to establish the district court's authority to consider such a motion. First, the defendant's sentence must be one that was "based on a sentencing range" and, second, that sentence range "has subsequently been lowered by the Sentencing Commission . . . ." In this case, the Defendants cannot meet the threshold jurisdictional requirement because their respective sentences arose from a Rule 11(e)(1)(C) plea and were based on the explicit, agreed sentence under their plea agreements and not "based on a sentencing range." I therefore would affirm the district court's

---

[11]Because Dews's projected release date is January 31, 2009, we urge the district court on remand to consider the merits of his motion expeditiously.

judgment that it lacked "authority to modify a sentence under 18 U.S.C. § 3582(c) when a sentence is imposed under Rule 11(e)(1)(C)." *United States v. Allen*, No. 8:97-cr-0432-DKC, slip op. at 2 (D. Md. Mar. 10, 2008).

## I. RULE 11(e)

The Defendants each entered into plea agreements with unequivocal and identical terms: "the parties stipulate and agree pursuant to Federal Rule Criminal Procedure 11(e)(1)(C) that the following sentence is the appropriate disposition in this case: A term of imprisonment of 168 months . . . ."[1] (JA 30, 37.) It is equally plain from the record that the district court unequivocally accepted both plea agreements and upon acceptance of the plea agreements, dutifully imposed the precise sentence specified in the agreements: 168 months of incarceration.

The plea agreements, their acceptance by the district court, and the imposition of the agreed sentences all took place in 1998. At that time, the applicable rules were Rules 11(e)(1)(C) and 11(e)(3) which provided in pertinent part as follows:[2]

(e) Plea Agreement Procedure.

(1) In General. The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with

---

[1]The majority notes that Allen's plea agreement stipulated that his sentence would be 188 months if his criminal history was assessed in category IV. *Supra* at 7. That the Government conditioned its agreement to the 168-month sentence on the assessment of criminal history category III does not alter the fact that the sentence the sentencing court imposed was based on the agreement, not a sentencing range.

[2]In 1999, Rule 11(e) was revised and now is renumbered as Rule 11(c). It is uncontested that the former Rule 11(e) is the applicable Rule in the case at bar.

a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

. . . .

(C) agree that a specific sentence is the appropriate disposition of the case.

. . . .

(3) Acceptance of a Plea Agreement. If the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.

Fed. R. Crim. P. 11(e).

Guided by the foregoing provisions of Rule 11, the parties attempted to reach a disposition of their respective cases. In doing so, they obviously reviewed the Sentencing Guidelines in order to determine whether entering into a plea agreement was in the best interest of each party and, if so, upon what terms a mutually acceptable agreement could be reached. It is difficult to conceive of any criminal case in which the parties and their counsel would not do exactly as was done in this case, both in order to evaluate an agreement and to fulfill counsel's duty to effectively represent their clients. Moreover, it would be common and prudent practice to set out for the sentencing court in the plea agreement the basis for the agreed sentence so as to assist the court in evaluating whether to accept the plea agreement. This is particularly so in a Rule 11(e) context because once adopted by the court, the plea agreement was binding. Rule 11(e)(3).

The sentencing court in this case properly undertook its responsibility to examine the proposed terms of the plea agreements in the context of the Sentencing Guidelines. Before the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), a sentencing court was under a duty to evaluate a plea agreement's proposed sentence in relation to the guidelines.

> Thus, where the parties have agreed to a particular sentence pursuant to Rule 11(e)(1)(C), for example, the court has the power—and under the Sentencing Guidelines, the explicit obligation—to consider whether that sentence is adequate and to reject the plea agreement if the court finds it not to be. [U.S. Sentencing Guidelines Manual] § 6B1.2(c).

*United States v. Kraus*, 137 F.3d 447, 453 (7th Cir. 1998); *see also United States v. Corozza*, 4 F.3d 70, 87 (1st Cir. 1993).

A sentencing judge who ignored consideration of the Sentencing Guidelines in evaluating whether to accept a plea agreement and its agreed sentence, would have been derelict in his or her judicial duties and would have acted in error. *See* U.S. Sentencing Guidelines Manual § 6B1.2 (1997). Thus, in the case at bar, the parties and the sentencing court examined the Sentencing Guidelines as a means of determining whether the terms of the plea agreement complied with the applicable law and thus could be validly accepted by the court. However, the ultimate determination of the sentence actually imposed on the Defendants was the precise term under the plea agreements as required by Rule 11(e)(3): a sentence of 168 months.

The majority opinion, erroneously in my view, takes this ordinary due diligence in a criminal case involving a plea agreement and transforms that review activity into a means to rewrite the plea agreements contrary to the terms agreed upon by the parties and adopted by the sentencing court. Although the majority opinion correctly recognizes that "a sentencing

court is bound to impose a sentence consistent with the plea agreement once the court accepts the agreement," it then incorrectly looks beyond the explicit and fixed sentencing term of the plea agreement to the deliberations of the parties and the court's review as the basis for the sentence imposed. The majority concludes "that the sentencing guidelines played a central role in the district judge's sentencing of both appellants." *Supra* at 9. This "central role" apparently functions, for the majority, as the means to meet the § 3582(c)(2) requirement of "a term of imprisonment *based on* a sentencing range." I disagree with the majority's conclusion for two reasons.

First, the plea agreements, binding on all once accepted by the court, were explicit in a fixed term of 168 months, not a term "based on a sentencing range" or any other factor. Second, a sentence derived from a Rule 11(e)(1)(C) plea agreement is "based on" that agreement and is not a sentence "based on a sentencing range" as a matter of law.

A plea agreement is a contract between the parties and is binding on them according to its terms. "Under contract principles, a plea agreement necessarily 'works both ways. Not only must the government comply with its terms and conditions, but so must [the defendant].'" *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) (quoting *United States v. Carrara*, 49 F.3d 105, 107 (3d Cir. 1995)). The plea agreement, once accepted by the court, cannot be altered without the consent of the parties.

> If [a plea agreement] is unambiguous as a matter of law, and there is no suggestion of government overreaching of any kind, the agreement should be interpreted and enforced accordingly. Neither side should be able, any more than would be private contracting parties, unilaterally to renege or seek modification simply because of uninduced mistake or change of mind.

*United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986). Nor may the court modify a plea agreement on its own. *United States v. Wood*, 378 F.3d 342, 350 (4th Cir. 2004); *see also United States v. Holman*, 728 F.2d 809, 813 (6th Cir. 1984) ("Once the court unqualifiedly accepts the agreement it too is bound by the bargain.").

The sentencing court unequivocally accepted the plea agreement and thus became bound by its terms, specifically the 168 month sentence. That sentence was not defined merely by some indefinite calculus under the Sentencing Guidelines to be determined by the court, but was an explicit term certain of 168 months. The Defendants have claimed no ambiguity in their contract, that there was any matter of mutual mistake, or that any grounds exist that would make the plea agreement invalid. Neither do the Defendants ask to withdraw their plea agreement. Instead they desire to keep all the benefits of the plea agreement, like the low fixed sentence, while recasting its terms to claim a benefit which they failed to include in their contract with the Government and the sentencing court (a sentence not based on the Rule 11(e) plea but on a "sentencing range"). The Defendants negotiated away this option in 1998 by not so providing in the plea agreements. I submit an *ex post* contract addition cannot be awarded to them now by this Court as the majority in effect proposes to do. The Defendants are bound by the explicit term of the plea agreements which did not include a sentence "based on a sentencing range" but a fixed term certain.

Accordingly, I would conclude on that basis alone that the district court correctly determined that it did not have jurisdiction to consider the Defendant's § 3582(c)(2) motion for reduction of sentence. However, an at least equally compelling basis to affirm the judgment of the district court comes from the unanimous conclusion of the circuit courts of appeal that have considered this issue. All have concluded that a sentence imposed under a Rule 11(e)(1)(C) plea agreement is

based on that agreement and not a "sentencing range" as a matter of law.

## II.  *CIRCUIT COURT OF APPEALS DECISIONS*

In *United States v. Heard*, 359 F.3d 544 (D.C. Cir. 2004), the Court of Appeals for the District of Columbia Circuit precisely stated the controlling principle: "A sentence arising from a Rule 11(e)(1)(C) plea, however, does not result from the determination of an appropriate guidelines offense level, but rather from the agreement of the parties: an agreement that is binding on the court once it is accepted by the court." *Id.* at 548 (internal quotation marks omitted). Although the *Heard* decision was not in a § 3582(c)(2) context, its language is applicable here and the foregoing rule is aptly confirmed by the following cases which specifically dealt with a Rule 11(e) plea and a § 3582(c)(2) motion.

In *United States v. Trujeque*, 100 F.3d 869 (10th Cir. 1996), the Tenth Circuit held the district court was without authority to consider a § 3582(c)(2) motion where the sentence imposed was pursuant to a Rule 11(e)(1) plea agreement. In that case, the defendant entered into a plea agreement specifying a stipulated sentence of 84 months despite a guideline range of 27 to 33 months. In accepting the plea agreement, the sentencing court specifically found that the defendant's "offense level is 18 and the criminal history category is 1, establishing a guideline imprisonment range of 27 to 33 months. However, pursuant to the Federal Rules of Criminal Procedure, Section 11(e)(1)(C), the stipulated sentence is 84 months." *Id.* at 871. The defendant was then sentenced to the stipulated 84 month term. *Id.* After an amendment by the Sentencing Commission to the guidelines that would have been retroactively applicable to the defendant's crimes, he filed a § 3582(c)(2) motion for reduction of sentence. The district court denied that motion. *Id.* at 870.

On appeal, the Tenth Circuit noted that the district court should have dismissed the motion because it lacked authority

to consider it. While the district court, and the court of appeals, had jurisdiction to determine whether § 3582(c)(2) could apply, since the sentence at issue was imposed under a Rule 11(e)(1)(C) plea agreement, it could not be "based on a sentencing range" and thus the district court lacked statutory authority to grant the motion. Despite the fact that the sentencing court had clearly considered the sentencing guidelines in reaching its decision to accept the plea agreement, that due diligence activity did not change the determination that the sentence was derived from a Rule 11(e)(1)(C) plea because "Mr. Trujeque's sentence was not 'based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' *see* 18 U.S.C. § 3582(c)(2). Instead, his sentence was based on a valid Rule 11(e)(1)(C) plea agreement." *Id.* at 871.

In view of that clear holding, I cannot agree with the majority's statement that its holding in this case is consistent with *Trujeque*. To the contrary, the majority's opinion contradicts the basis of the Tenth Circuit's decision: that a plea entered pursuant to Rule 11(e)(1)(C) is not cognizable by a § 3582(c)(2) motion.

The Seventh Circuit Court of Appeals reached a similar conclusion in an unpublished opinion, *United States v. Hemminger*, 114 F.3d 1192 (7th Cir. 1997) (unpublished table decision). In that case, the district court accepted the plea agreement under Rule 11(e)(1)(C) and then imposed the specific sentence it required: 126 months. *Id.* at *1-2.

After Hemminger's direct appeals and collateral challenges failed, he filed a § 3582(c)(2) motion to reduce his sentence because subsequent retroactive Sentencing Guidelines amendments arguably could reduce his sentence. The district court denied the § 3582 motion and the Seventh Circuit affirmed

> for a simple but compelling reason: a sentence imposed following a plea under Rule 11(e)(1)(C)

cannot be altered even if the Sentencing Commission designates certain changes to the Guidelines as retroactive.

After accepting the agreement, the court "is not free to visit the plea agreement simply because, for whatever reason, the defendant later comes back to the court for resentencing." *United States v. Ritsema*, 89 F.3d 392, 399 (7th Cir. 1996). *See also United States v. Barnes*, 83 F.3d 934, 938 (7th Cir. 1996). The sentence under a Rule 11(e)(1)(C) plea rests on the parties' agreement, not on a calculation under the Sentencing Guidelines.

*Id.* at *2-3.

In *United States v. Peveler*, 359 F.3d 369 (6th Cir. 2004), the Sixth Circuit Court of Appeals confirmed that a sentence imposed under a Rule 11(e)(1)(C) plea agreement is not a sentence for which a § 3582(c)(2) motion may be entertained. The plea agreement in *Peveler*, as in the case at bar, recited the parties' agreement upon various provisions of the Sentencing Guidelines including the base offense level, adjustments and criminal history category, with citations to the appropriate Sentencing Guidelines sections. With an agreed guideline range determined, the plea agreement then stipulated "a sentence of imprisonment at the low end of the applicable Guideline Range . . . ." *Id.* at 372-73. The sentencing court accepted the plea agreement and imposed a 181 month sentence which was within the plea agreement's applicable guideline range. *Id.* at 373.

When the Sentencing Commission subsequently adopted an amendment with retroactive effect that could be applicable to Peveler's existing sentence, he sought a reduction by a § 3582(c)(2) motion. The district court denied the motion. *Id.* at 371.

Citing *Trujeque* and *Hemminger*, the Sixth Circuit affirmed the district court. Even though Peveler's plea agreement did not provide a fixed term certain of incarceration, but a range from which the court could select, the Sixth Circuit plainly held that a sentencing court had no authority to act under a § 3582(c)(2) motion where the sentence at issue was imposed under a Rule 11(e)(1)(C) plea.

> [A]bsent an agreement of the parties, the plain language of the current version of Rule 11(e)(1)(C), now Rule 11(c)(1)(C), generally precludes the district court from altering the parties' agreed-upon sentence under 18 U.S.C. § 3582(c). This conclusion applies despite the retroactivity of a subsequent amendment to a relevant guideline utilized to determine the defendant's sentence.

*Id.* at 379.

The Fifth and Ninth Circuits have similarly addressed the impact of a sentence under a plea agreement governed by Rule 11(e)(1)(C) in unpublished opinions. In *United States v. Brown*, 71 Fed. App'x. 383 (5th Cir. 2003) (unpublished) (per curiam), the Fifth Circuit affirmed the denial of a § 3582(c) motion for reduction of sentence because the defendant's "sentence was imposed in accordance with Rule 11(e)(1)(C), 18 U.S.C. § 3582(c)(2) does not apply." *Id*. at 384.

The Ninth Circuit, in *United States v. McKenna*, No. 97-30173, 1998 U.S. App. LEXIS 808 (9th Cir. Jan. 16, 1998) (mem.), affirmed the district court's denial of a defendant's § 3582(c)(2) motion to modify his sentence based on later retroactive guideline amendments. In *McKenna*, the sentencing court adopted the plea agreement under Rule 11(e)(1)(C) and sentenced the defendant to the agreed upon term of 84 months imprisonment. *Id.* at *3. In affirming the district court's subsequent dismissal of McKenna's § 3582(c) motion, the Ninth Circuit opined that:

> McKenna's sentence was not predicated on a sentencing guideline range, but rather on the agreed upon sentence in the 11(e)(1)(C) plea agreement. . . .
>
> These facts established that McKenna's sentence was not predicated on a sentencing guideline range that has been subsequently lowered, but rather on a valid Rule 11(e)(1)(C) plea agreement.

*Id.*[3]

Notwithstanding the authoritative reasoning of the foregoing opinions from our sister circuits, the majority nevertheless concludes that the district court had the requisite authority to act upon the Defendants' § 3582(c)(2) motions. That decision is based, in part, on the supposition that since the plea agreements did not specifically address the possible future impact of § 3582(c)(2), a Rule 11(e)(1)(C) sentence would not be a determinative jurisdictional factor: "[H]ere the parties' bargains might have, but did not, address the future application of Section 3582(c)(2)." *Supra* at 13.

The explanation for this omission is straightforward. There was simply no reason for the plea agreements, much less the sentencing court, to address any impact of § 3582(c)(2) because it could have none under the plain terms of the plea agreement and because a parties' agreed sentence imposed under a Rule 11(e)(1)(C) plea agreement cannot, as a matter of law, be a § 3582(c)(2) "term of imprisonment based on a sentencing range." There was no rational or legal reason to

---

[3]Although the Fourth Circuit has not directly addressed the Section 3582(c)(2) issue before us in a Rule 11(e)(1)(C) context, we have implied a similar result in accord with the recited decisions of the circuit courts of appeal. In *United States v. Bethea*, 154 Fed. App'x. 329 (4th Cir. 2005) (unpublished) (per curiam) we referred to *United States v. Cieslowski* 410 F.3d 353, 364 (7th Cir. 2005) for the proposition that "a sentence imposed under a Rule 11(c)(1)(C) plea arises directly from the agreement itself and not from the guidelines . . . ." 154 Fed. App'x. at 331.

include in the plea agreements a provision which was unnec-
essary. As noted earlier, the Defendants could have made con-
tractual provisions allowing their sentences to be modified
upon the occurrence of future events but failed to do so. A
favorable change in the law which comes to pass after the
plea is one such circumstance, but which we have held is
waived because it was not raised when the contract was
formed.

> A plea agreement, like any contract, allocates risk.
> *See United States v. Ringling*, 988 F.2d 504, 506 (4th
> Cir. 1993). "And the possibility of a favorable
> change in the law occurring after a plea is one of the
> normal risks that accompanies a guilty plea."
> *[United States v.] Sahlin*, 399 F.3d [27,] 31 [(1st Cir.
> 2005)]; *United States v. Khattak*, 273 F.3d 557, 561
> (3d Cir. 2001) ("Waivers of the legal consequences
> of unknown future events are commonplace.").

*United States v. Johnson*, 410 F.3d 137, 153 (4th Cir. 2005).

The Defendants received the exact sentence for which they
bargained, 168 months, under Rule 11(e). As that sentence
was not "based on a sentencing range," the district court had
no authority to grant the Defendants' § 3582(c)(2) motions
and did not err in dismissing those motions. Therefore, for all
the foregoing reasons, I respectfully dissent from the majority
opinion and would affirm the judgment of the district court.