

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-14-2007

# USA v. Clayborn

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1397

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Clayborn" (2007). *2007 Decisions.* Paper 1477.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1477

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-1397

———

UNITED STATES OF AMERICA

v.

TOMMY LEE CLAYBORN,
                        Appellant

———

United States District Court for the Middle District of Pennsylvania
(D.C. Cr. No. 05-00051)
District Judge: Honorable William W. Caldwell

———

Submitted Under Third Circuit LAR 34.1(a)
February 2, 2007

Before: BARRY, ROTH, *Circuit Judges*, and IRENAS,* *Senior District Judge.*

(Filed: March 14, 2007 )

———

OPINION

———

**IRENAS**, Senior United States District Judge.

---

\* Honorable Joseph E. Irenas, Senior United States District Judge for the District of
New Jersey, sitting by designation.

1

Appellant Tommy Lee Clayborn appeals his sentence imposed by the United States District Court for the Middle District of Pennsylvania (Caldwell, J.) after he pled guilty to violating 21 U.S.C. § 846. The District Court imposed the 240-month sentence of imprisonment stipulated to in the Plea Agreement pursuant to Fed. R. Crim. P. 11(c)(1)(C). The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction to review the sentence pursuant to 28 U.S.C. § 1291. For the reasons set forth below, we will affirm the District Court.

## I.

On February 2, 2006, a grand jury returned a six-count Indictment, charging Clayborn with conspiracy to distribute and possession with intent to distribute in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and distribution and possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Clayborn executed a written Plea Agreement on June 29, 2005, which provided that Clayborn would plead guilty to a violation of 21 U.S.C. § 846. (App. at pp. 19-32). In exchange, the government agreed to dismiss all other charges.

Paragraph 11 of the Plea Agreement states:

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's sentence: Notwithstanding any Guideline calculation or prior conviction, the defendant and the United States agree that the defendant shall receive a sentence of 20 years imprisonment. The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.

2

(App. at p. 23). The parties further stipulated that if the District Court imposes a sentence above or below the sentence agreed upon, either side can withdraw from the agreement. (App. at 35:1-5). Clayborn pled guilty on June 30, 2005, and the District Court accepted the plea as required by Rule 11(c)(3)(A). (App. at 42:4-14).

The Revised Presentence Investigation Report (the "PSR") calculated Clayborn's offense level to be 33, with a criminal history category of VI. The resulting Guideline sentence range was 235-240 months.[1] Neither party objected to the PSR.

At the sentencing hearing held on January 18, 2006, the District Court sentenced Clayborn to 240 months imprisonment. The District Court stated that "...based on your background and the record and your conduct that occurred in this case [240 months is] the sentence that's appropriate . . . ." (App. at 51:11-13).

Clayborn now appeals his sentence, arguing that: (1) the District Court did not explicitly articulate a meaningful consideration of the § 3553(a) factors; and (2) the District Court treated the Guideline sentence as mandatory when it failed to exercise its

---

[1] Count I of the Indictment to which Clayborn pled charged him with a conspiracy to possess with intent to distribute more than 50 grams of cocaine base, which carries a maximum prison sentence of life and a minimum term of 10 years. 21 U.S.C. §§ 846, 841(b)(1)(A). Because Clayborn had a criminal history of VI, a conviction under this statute would have carried a Guideline range of 235-293. (PSR at p. 9, ¶ 53). However, the plea agreement did not require Clayborn to allocute to a specific amount of drugs. Therefore, the maximum sentence was reduced to 20 years with no statutory minimum. 21 U.S.C. § 841(b)(1)(C); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Lacy*, 446 F.3d 448, 453 (3d Cir. 2006); (App. at 19). Thus, the plea agreement operated to impose a 20-year sentence on Clayborn when, based on the Indictment, he was facing life imprisonment. (App. at 12, ¶ 1).

*Booker* discretion.

## II.

We conduct a plenary review of legal rulings and mixed questions of law and fact. *United States v. Delfin-Colina*, 464 F.3d 392, 396 (3d Cir. 2006). We review a District Court's sentence for reasonableness. *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

## III.

Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure states:

> An attorney for the government and the defendant's attorney, or the defendant when proceeding *pro se*, may discuss and reach a plea agreement . . . . If the defendant pleads guilty or *nolo contendere* to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will . . . agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

In *United States v. Bernard*, we held that "a sentencing court has the authority to accept a plea agreement . . . specifying a sentence that falls outside the applicable guidelines range. Once the District Court has accepted such an agreement, it is binding." 373 F.3d 339, 343-44 (3d Cir. 2004).

Our holding in *Bernard* recognized "that this portion of Rule 11 seems to be in tension with provisions that make the sentencing guidelines binding on the federal

4

courts." 373 F.3d at 344. However, we decided that the provisions of Rule 11(c) take precedence over the sentencing Guidelines, despite the then-mandatory nature of the Guidelines. *Id.* at 344-45. Thus, "[i]t is axiomatic under Rule 11 that once a court accepts such an agreement, it must be enforced at sentencing." *Id.* at 345.

In *United States v. Booker*, the Supreme Court rendered the Guidelines advisory rather than mandatory. 543 U.S. 220 (2005). Nothing in *Booker* undermined our reasoning in *Bernard*. In fact, the advisory nature of the Guidelines further bolsters our *Bernard* holding. Other Circuits that have considered this issue agree. *See*, *e.g.*, *United States v. Silva*, 413 F.3d 1283, 1284 (10th Cir. 2005) ("[N]othing in *Booker* undermines the validity of sentences imposed under Rule 11(c)(1)(C)."); *United States v. Pacheco-Navarette*, 432 F.3d 967, 971 (9th Cir. 2005); *United States v. Cieslowski*, 410 F.3d 353, 363-64 (7th Cir. 2005).

Here, Clayborn's Plea Agreement specified a sentence of 20 years, which was within the Guideline range. Because the District Court accepted this plea, the stipulated sentence is binding on the Court as well as the parties. *See* Fed. R. Crim. P. 11(c)(1)(C); *see also Bernard*, 373 F.3d at 339. We have no basis to conclude that such a sentence is unreasonable.[2]

---

[2] In a typical Plea Agreement, the plea and sentencing require the District Court to perform two distinct legal analyses, generally in the context of two different legal proceedings. However, the binding nature of a Rule 11(c)(1)(C) Plea Agreement conflates the analyses – once the District Court accepts the Plea Agreement, the sentence is also determined. The Federal Rules of Criminal Procedure recognize this fact and

**IV.**

For the reasons set forth above, we affirm the District Court's order imposing the sentence of 240 months.

---

allow the sentencing court to defer the acceptance of the Plea Agreement until it has reviewed the presentence report. *See* Fed. R. Crim. P. 11(c)(3)(A).

A Plea Agreement pursuant to Rule 11(c)(1)(C) reflects a request by both the government and the defendant that the sentencing court impose a particular sentence. Therefore, as in this case, neither side usually objects if the sentencing court accepts the Plea Agreement. Without objection, Rule 11 errors are reviewed under the plain error standard on appeal. *United States v. Dixon*, 308 F.3d 229, 233 (3d Cir. 2002).

Assuming the sentencing court committed plain error, we may exercise discretion to correct it only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Dixon*, 308 F.3d at 234. It is difficult for us to imagine a situation in which a defendant, who willingly accepted a particular sentence as part of a Rule 11(c)(1)(C) plea agreement, could subsequently demonstrate that the sentence was unreasonable, much less that appellate intervention would be warranted under the plain error standard.

6