Reversed and remanded by published opinion. Senior Judge ELLIS wrote the opinion, in which Judge GREGORY joined. Judge AGEE wrote a dissenting opinion.
*205 ELLIS, Senior District Judge:
Appellants, Darrell Dews and Brian Allen, pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of money laundering pursuant to plea agreements entered into under Rule 11(e)(1)(C), Fed.R.Crim.P.[1] Both plea agreements included an agreement that a custody sentence of 168 months would be the appropriate disposition of the case. Thereafter, a probation officer prepared presentence reports calculating the appropriate guidelines sentencing range. At each sentencing, the district judge considered the presentence investigation report, carefully ascertained the appropriate sentencing guidelines range, and then elected to impose a sentence of 168 months, the bottom of the applicable sentencing guidelines range and the sentence agreed upon in the Rule 11(e)(1)(C) plea agreements. Almost ten years later, the Sentencing Commission retroactively amended the guideline that applies to crack cocaine offenses. Based on the amendment, appellants moved for a reduction in sentence, which motions the district court denied on the ground that sentences imposed following a plea under Rule 11(e)(1)(C) are not eligible for reduction under 18 U.S.C. § 3582(c)(2). For the reasons that follow, we disagree and accordingly reverse and remand.
I.
A.
On April 14, 1998, Dews entered into a plea agreement with the government in which he agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of money laundering. In the plea agreement, Dews and the government agreed pursuant to Rule 11(e)(1)(C), Fed.R.Crim.P., that the appropriate disposition of the case was a term of imprisonment of 168 months followed by five years of supervised release. The plea agreement explicitly stated, however, that “[i]n the federal system, sentence is imposed by the Court, and the Court is under no obligation to accept this plea agreement.” (J.A. 38.) Both sides agreed that “[i]n the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void.” (J.A. 37.)
Both sides also accepted that “a sentencing guideline range for this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984” and that “the Court will impose a sentence within that guideline range” unless it found a basis for departure. (J.A. 35.)[2] Because of the importance of the sentencing guidelines range,[3] the parties stipulated to a *206 number of guidelines factors, agreeing, for example, “that at least Vk kilograms of cocaine base were reasonably foreseeable to Mr. Dews and within the scope of his agreement and involvement, resulting in a base offense level of 38 pursuant to Sentencing Guideline [sic] §§ 2D1.1 (Cocaine distribution and conspiracy) and IB 1.3 (Relevant Conduct).” (J.A. 35-36.) The parties also agreed that the drug trafficking and money laundering offenses should be treated as closely related counts pursuant to U.S.S.G. § 3D1.1 and that a three-level downward adjustment would be appropriate to reflect Dews’s timely plea and his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. There was no agreement with respect to Dews’s criminal history category.[4]
Although the parties stipulated to several sentencing factors, they understood that the district judge would not rely exclusively on the parties’ stipulation as to the sentencing factors and the sentence, but would also consider the results of the probation officer’s presentence report and independently calculate the sentencing guidelines range. The plea agreement stated that Dews could not withdraw his plea simply because the district judge might ultimately determine sentencing factors different from those anticipated by the parties. Rather, the plea agreement made clear that Dews could withdraw his plea only in the event that the district judge imposed a sentence other than 168 months. Alternatively, if the district judge imposed a greater sentence, Dews could choose not to withdraw his plea, but instead to appeal the district judge’s guidelines range calculation.
On April 14, 1998, the district judge reviewed the terms of the plea agreement with the parties and accepted Dews’s plea of guilty. Yet, the district judge deferred a decision on whether to accept the plea agreement, indicating that it would be necessary first to review the presentence report to determine whether the stipulated sentence was appropriate under the guidelines. During the plea hearing, the district judge noted the maximum penalty to which Dews could be sentenced, but stressed that “the actual sentence will be determined by reference to the sentencing guidelines.” (J.A. 87.) Dews, the government, and the district judge clearly anticipated that the district judge would calculate the applicable guidelines range, determine whether the proposed term of imprisonment was within the range, and only then decide whether that sentence was appropriate.
A probation officer subsequently prepared a presentence report. Like the plea agreement, the presentence report stated that, under U.S.S.G. § 2D1.1, the base offense level for Dews’s crack offense was 38. With a three-point deduction for acceptance of responsibility, the probation officer calculated an adjusted total offense level of 35.[5] The probation officer also *207 confirmed that Dews’s criminal history category was I. Based on a total offense level of 35 and a criminal history category of I, the probation officer determined the guidelines imprisonment range was 168 to 210 months. The probation officer therefore concluded that the stipulated sentence was within the applicable guidelines range. At the sentencing hearing on May 29, 1998, neither Dews nor the government challenged any findings in the presentence report. Thereafter, the district judge sentenced Dews to 168 months of imprisonment, stating that “I will accept the recommendation in the plea agreement. It’s within the guidelines. It is the lowest sentence available under those guidelines.” (J.A. 118.)
B.
The facts relating to Allen’s plea and sentencing are essentially similar to those in Dews’s case. On April 10, 1998, Allen entered into a plea agreement pursuant to Rule 11(e)(1)(C) in which he agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base and one count of money laundering. His plea agreement explicitly acknowledged that the district judge would determine the sentencing guidelines range and then impose a sentence within that range unless she found a basis for departure. The parties then stipulated to certain sentencing guidelines factors, including specifically that “at least 500 grams but not more than Vjk kilograms of cocaine base were reasonably foreseeable to Mr. Allen and within the scope of his agreement and involvement, resulting in a base offense level of 36 pursuant to Sentencing Guideline [sic] §§ 2D1.1 (Cocaine distribution and conspiracy) and IB 1.3 (Relevant Conduct).” (J.A. 28-29.) The parties also agreed that the drug trafficking and money laundering offenses were closely related counts under U.S.S.G. § 3D1.1 and that Allen should receive a three-level downward adjustment under U.S.S.G. § 3E1.1 to reflect his acceptance of responsibility and the timeliness of his plea. There was no agreement with respect to Allen’s criminal history category, but the parties stated in the plea agreement that they believed it was III.
Based on these factors, Allen and the government agreed, pursuant to Rule 11(e)(1)(C), that the appropriate disposition of the case was for Allen to receive a term of imprisonment of 168 months in the event his criminal history category proved to be III or 188 months if his criminal history category turned out to be IV, with either term to be followed by five years of supervised release.[6] The agreement stressed, however, that “[i]n the federal system, sentence is imposed by the Court, [and] the Court is under no obligation to accept this plea agreement.” (J.A. 30.) The agreement made clear that if the Court imposed a different sentence, “either party may elect to declare the agreement null and void.” (J.A. 30.)
On April 10, 1998, the district judge conducted a plea hearing in Allen’s case in which she reviewed the terms of the plea agreement with the parties. Although the district judge found a factual basis for the plea, she made clear that she would not accept the Rule 11(e)(1)(C) plea agreement until she had reviewed the presentence report, independently calculated the guidelines range, and then determined whether one of the agreed-upon sentences was appropriate “depending on what the guideline factors are.” (J.A. 72.)
*208 A probation officer subsequently prepared a presentence report that identified the facts relevant to the sentencing guidelines and determined, consistent with the plea agreement, that the adjusted combined offense level was 33. The probation officer further reported that Allen had a criminal history category of III and that the resulting guidelines range of imprisonment was 168 to 210 months.[7] At sentencing on June 10, 1998, the district judge adopted the proposed findings of the pre-sentence report and sentenced Allen to 168 months of imprisonment. In doing so, the district judge stated that she had determined it was appropriate “to accept the plea agreement in this case and to agree to impose a sentence at the very lowest end of the applicable guideline range.” (J.A. 134.)
Nearly ten years later, on February 21, 2008, Dews and Allen moved for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of the Sentencing Commission’s recent amendment to the crack cocaine guideline. On March 10, 2008, the district court denied their motions, concluding that it lacked authority to reduce their sentences under 18 U.S.C. § 3582(c)(2) because, in sentencing Dews and Allen, the district judge had accepted their Rule 11(e)(1)(C) plea agreements. Dews and Allen timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.[8]
II.
The sole issue on appeal is whether the district court properly held that it lacked authority under 18 U.S.C. § 3582(c)(2) to consider appellants’ motions for reduction of sentence on the ground that it had accepted their Rule 11(e)(1)(C) plea agreements when it imposed their sentences of imprisonment. This is a legal question, and our review is accordingly de novo. See United States v. Smith, 115 F.3d 241, 244 (4th Cir.1997).
Analysis of the question presented properly begins with a consideration of the pertinent terms of 18 U.S.C. § 3582(c)(2), which provides that a court may reduce the term of imprisonment “in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).” Thus, to be eligible for relief under § 3582(c)(2), appellants must meet two requirements: First, appellants’ terms of imprisonment must have been based on a guidelines sentencing range; and second, that sentencing range must have been subsequently lowered. Both requirements are met here.
The first requirement is plainly met as the record is replete with evidence that the sentencing guidelines played a central role in the district judge’s sentencing of both appellants. Thus, the record reflects that the parties in their plea agreements contemplated that the stipulated sentence would be a guidelines sentence, and the parties also expected that the district judge would independently calculate and determine the applicable guidelines range. *209 It is noteworthy that the plea agreements correctly stated that “[i]n the federal system, sentence is imposed by the Court.” (J.A. 30, 38) Hence, the parties recognized that the question whether the sentences imposed were based on the guidelines must be answered from the perspective of the sentencing district judge. In this respect, there is no doubt that from the perspective of the district judge Dews and Allen were “sentenced to a term of imprisonment based on a sentencing range.” 18 U.S.C. § 3582(c)(2). Notably, the district judge accepted the recommended term of imprisonment only after carefully calculating the applicable guidelines range for each appellant and determining that the agreed-on sentence fell within the guidelines range. Indeed, in both cases the entire plea and sentencing process was predicated on the understanding that the district judge would impose the recommended term of imprisonment only if she concluded that it was within the applicable guidelines range. In sum, then, appellants clearly meet the first requirement of § 3582(c)(2) in that they were both “sentenced to a term of imprisonment based on a sentencing range.” Id.
With respect to § 3582(c)(2)’s second requirement, there is little doubt and no dispute that the relevant sentencing range was lowered subsequent to appellants’ sentencings. Effective March 3, 2008, the Sentencing Commission retroactively amended U.S.S.G. § 2D1.1, reducing by two levels the base offense level for most crack cocaine offenses, including the offenses for which appellants were convicted. Thus, appellants fit squarely within § 3582(c)(2) as they were “sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).” Id. Accordingly, under the terms of § 3582(c)(2), appellants are eligible for a reduction in sentence reflecting the Sentencing Commission’s guideline amendment.
Nor is this conclusion altered by the fact that appellants pled guilty pursuant to Rule 11(e)(1)(C). Nothing in that rule precludes a defendant pleading guilty under that rule from receiving the benefit of a later favorable retroactive amendment to the guidelines, provided, of course, that the requirements of § 3582(c)(2) are met. Neither the language nor the purpose of the rule addresses or precludes the later application of § 3582(c)(2) in appropriate circumstances. Put differently, a sentence may be both a guidelines-based sentence eligible for treatment under § 3582(c)(2) and a sentence stipulated to by the parties in a plea agreement pursuant to Rule 11(e)(1)(C). The parties in this case stipulated to a guidelines-based sentence in light of the circumstances that then existed; they did not agree that the stipulated sentence would be immutable for all time, regardless of what might happen in the future. Just as a stipulated sentence under Rule 11(e)(1)(C) might be later altered by way of a Rule 35 motion, a pardon, or a commutation, so, too, can a guidelines-based stipulated sentence be altered in the future pursuant to § 3582(c)(2), provided the requirements of that statute are met. In sum, then, we conclude that the district judge erred in concluding that she lacked authority to grant appellants’ motions for reduction in sentence pursuant to § 3582(c)(2).
In reaching this result, we are cognizant that other circuits have reached a different result.[9] These cases fall into three eatego- *210 ries. First, a number of these cases are distinguishable in that they did not involve guidelines-based sentences and hence did not meet the first requirement of § 3582(c)(2). For example, in United States v. Trujeque, 100 F.3d 869, 871 (10th Cir.1996), the district court found that the applicable guidelines imprisonment range for the defendant was 27 to 33 months, but nonetheless sentenced him to 84 months, the sentence stipulated to in his Rule 11(e)(1)(C) plea agreement. The Tenth Circuit correctly concluded that “[t]hese facts establish that Mr. Trujeque’s sentence was not ‘based on a sentencing range that has subsequently been lowered by the Sentencing Commission’ ” and therefore held that the defendant was not eligible for § 3582(c)(2) relief. Id. (quoting 18 U.S.C. § 3582(c)(2)). Similarly, the defendant in United States v. McKenna, No. 97-30173, 1998 WL 30793, at *1 (9th Cir. Jan.12, 1998), was subject to a ten-year mandatory minimum, but was sentenced to 84 months after the parties agreed on that sentence because of his substantial assistance. The Ninth Circuit accordingly found, correctly, that “[h]ere, McKenna’s sentence was not predicated on a sentencing guideline range, but rather on the agreed upon sentence in the 11(e)(1)(C) agreement.” Id. The holdings of Trujeque and McKenna are consistent with our ruling today because we are not adopting a per se rule that every defendant whose sentence was imposed consistent with a Rule 11(e)(1)(C) plea agreement can seek a reduction in his sentence via § 3582(c)(2). Rather, in each case, the district court must determine whether the defendant meets the requirements of § 3582(c)(2).
The second category of decisions reaching a contrary result includes those in which the recitation of facts or reasoning is too cursory to permit a confident judgment as to the basis of the decision. For example, in United States v. Brown, 71 Fed.Appx. 383, 384 (5th Cir.2003), the Fifth Circuit held in a one-paragraph opinion that § 3582(c)(2) did not apply to a defendant who had been sentenced pursuant to a Rule 11(e)(1)(C) plea agreement without specifying whether the defendant’s sentence was based on the guidelines. Similarly, United States v. Hemminger, No. 96-2081, 1997 WL 235838 (7th Cir. May 2, 1997), did not indicate whether the defendant received a guidelines-based sentence but nonetheless held that the defendant was not eligible for a reduction under § 3582(c)(2).[10]
The contrary decisions in the third category appear to announce a per se rule that *211 the district court may not consider a § 3582(c)(2) motion if sentence was imposed pursuant to a Rule 11(e)(1)(C) plea agreement. In United States v. Peveler, 359 F.3d 369 (6th Cir.2004), the defendant and the government stipulated to a term of imprisonment at the low end of the applicable guidelines range in a Rule 11(e)(1)(C) plea agreement that the district court accepted. When, years later, the defendant moved for a reduction of sentence under § 3582(c)(2), the Sixth Circuit held that the district court could not grant the motion. Although the court recognized that the Sentencing Commission had retroactively amended “a relevant guideline utilized to determine the defendant’s sentence,” it nonetheless concluded that Rule 11(e)(1)(C) precluded the district court from modifying the defendant’s sentence under § 3582(c)(2). Id. at 379. In reaching that conclusion, the court stressed that under Rule 11(e)(1)(C), “once the court unqualifiedly accepts the agreement it too is bound by the bargain.” Id. at 375 (citation and internal quotation marks omitted). The Sixth Circuit reasoned that the district court therefore lacked the “authority to alter or modify any sentence imposed under” a Rule 11(e)(1)(C) agreement. Id. at 376.
We decline to follow the Sixth Circuit’s approach on this issue. We agree that, under former Rule 11(e)(1)(C) and its successor, a sentencing court is bound to impose a sentence consistent with the plea agreement once the court accepts the agreement, and if it does not do so, the parties may withdraw the agreement. Yet, it does not follow from this that the district court lacks authority to alter that sentence under § 3582(c)(2), provided the requirements of that provision are met. To be sure, a district court is bound by the parties’ bargain, but here the parties’ bargains might have, but did not, address the future application of § 3582(c)(2). In this circumstance, there is no reason in principle or in the language of Rule 11(e)(1)(C) that precludes a future application of § 3582(c)(2) in an appropriate case. Put another way, appellants here agreed to plead guilty if the district court would sentence them to a guidelines term of imprisonment of 168 months, and the district court did so. They did not agree that they would not seek relief under § 3582(c)(2) in the event the Sentencing Commission retroactively amended a relevant guideline. The district court is accordingly free to consider their motions and to grant them if the district court finds it appropriate to do so in light of the relevant guideline amendment and the factors set forth in 18 U.S.C. § 3553(a).
Finally, we offer a brief comment concerning the well-written dissent, the essential crux of which is that a sentence imposed after the district court’s acceptance of a Rule 11(e)(1)(C) plea agreement is never a sentence “based on a sentencing range” and is therefore ineligible for reduction under § 3582(c)(2) as a matter of law. According to the dissent, appellants’ sentences-and the sentence of every defendant who pled guilty under Rule 11(e)(1)(C) — were “based on” their plea agreements and hence cannot be “based on a sentencing range.” The flaw with this approach is that it lacks grounding in the text of either § 3582(c)(2) or Rule 11(e)(1)(C). The language of § 3582(c)(2) is plain: a court may reduce the term of imprisonment “in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered.” The statute does not state that a sentence imposed consistent with a plea agreement cannot be “based on a sentencing range,” nor does it state that the sentencing range must be the sole basis of the sentence. To conclude otherwise would require adding *212 words to the statute, a task in the province of the legislature and not the judiciary. Similarly, nothing in Rule 11(e) compels the per se rule advocated by the dissent. Under the terms of the rule, a district judge who accepts a Rule 11(e)(1)(C) plea agreement must “embody in the judgment and sentence the disposition provided for in the plea agreement.” Rule 11(e)(3), Fed.R.Civ.P. (1998). It does not follow, however, that such a sentence cannot also be based on a sentencing range, which these sentences clearly were. Where, as here, the district judge clearly accepted the plea agreements only after determining that the stipulated sentences were within the applicable guidelines range, the sentences imposed were both guidelines-based — and hence eligible for § 3582(c)(2) treatment-and agreed to under Rule 11(e)(1)(C).
III.
For the foregoing reasons, we reverse the district court’s denial of Dews’s and Allen’s motions for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). The case is remanded for further proceedings consistent with this opinion.[11]

REVERSED AND REMANDED

.Rule 11(e)(1)(C) was amended in 1999 and subsequently renumbered as Rule 11(c)(1)(C), Fed.R.Crim.P. The version of Rule 11(e)(1)(C) in effect at the time appellants were sentenced allowed the government and the defendant to "agree that a specific sentence is the appropriate disposition of the case.” Rule 11(e)(1)(C), Fed.R.Crim.P. (1998). In addition, Rule 11(e)(3) — the equivalent of which is now located at Rule 11(c)(4) — stated that "[i] f the court accepts the plea agreement, the court shall inform the defendant that it will embody in the judgment and sentence the disposition provided for in the plea agreement.” Rule 11(e)(3), Fed.R.Crim.P. (1998).

. The plea agreement also stated that the court would find a basis for departure if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines, which should result in a sentence different from the guideline range.” (J.A. 35.)

. Although prior to United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 *206 (2005), adherence to the sentencing guidelines was generally mandatory, there was a circuit split "as to whether a district court ha[d] the authority to accept a Rule 11(c)(1)(C) [formerly Rule 11(e)(1)(C)] plea agreement that disregarded the applicable Sentencing Guidelines range.” United States v. Bundy, 359 F.Supp.2d 535, 538 (W.D.Va. 2005). Although no published Fourth Circuit decision addressed the issue, the district court and the parties apparently proceeded on the basis that the sentencing guidelines were controlling.

. Although there was no agreement as to Dews’s criminal history category, the parties expected that his criminal history category would be I, in which case 168 months would be the bottom of the guidelines range.

. Because the drug trafficking offense and the money laundering offense were grouped pursuant to U.S.S.G. § 3D1.2(b) and because the offense level for the crack offense was the higher of the two, the probation officer correctly used the crack offense level as the base offense level for the group.

. As the government made clear at the plea hearing, "[i]n essence we’ve agreed that the low end of a category III, or the low end of a category IV is appropriate.” (J.A. 60.)

. The probation officer further indicated that in the event the district judge were to accept the plea agreement and impose 168 months of incarceration, Allen would be "held accountable for the total offense conduct” because that sentence was within the guidelines range. (J.A. 194.)

. Dews and Allen moved to have their appeals consolidated, and an Order was entered granting this motion on April 28, 2008. In addition, on May 1, 2008, an Order was entered granting Dews and Allen’s motion to expedite briefing in this appeal. It is worth noting in this regard that Dews's current projected release date is January 31, 2009, and Allen's is January 25, 2010.

. In addition to relying on the decisions discussed below, the dissent also identifies United States v. Heard, 359 F.3d 544 (D.C.Cir. 2004) as precisely staling the controlling prin *210 ciple, even though that case did not involve the application of § 3582(c)(2). Although the dissent correctly quotes the Heard opinion as stating that ''[a] sentence arising from a Rule 11(e)(1)(C) plea ... does not result from the determination of an appropriate guidelines offense level,” this statement is qualified a few sentences later when the court acknowledges that "there may be at least some Rule 11(e)(1)(C) sentences that do rest on a determination of offense levels.” Heard, 359 F.3d at 549.

. In Hemminger, the defendant's plea agreement "acknowledged that an agreement for a specific sentence 'is not contingent upon the probation officer’s or the court’s concurrence with ... calculations’ under the Sentencing Guidelines.” 1997 WL 235838, at *1. Although this provision arguably indicates that the case belongs in the first category, this language can also be read as indicating that the defendant could not withdraw his plea solely because the district court might ultimately determine sentencing factors different from those anticipated by the parties. Thus, the unpublished Hemminger opinion discloses too little information to determine whether the sentence there in issue was a guidelines-based sentence. Moreover, the conclusory language in Hemminger cited in the dissent does not acknowledge or address the proposition advanced here that nothing precludes a sentence from being based on the guidelines and also agreed to under Rule 11(e)(1)(C).

. Because Dews's projected release date is January 31, 2009, we urge the district court on remand to consider the merits of his motion expeditiously.