

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-8-2009

# USA v. Tommy Clayborn

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Tommy Clayborn" (2009). *2009 Decisions.* Paper 1565.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1565

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2617

UNITED STATES OF AMERICA

v.

TOMMY LEE CLAYBORN,
                                        Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1-05-CR-00051-001
District Judge: The Honorable William W. Caldwell

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 29, 2009

Before: SCIRICA, *Chief Judge*, AMBRO, and SMITH, *Circuit Judges*

(Filed: April 8, 2009)

OPINION

SMITH, *Circuit Judge.*

Tommy Lee Clayborn appeals from an order of the United States District Court for the

Middle District of Pennsylvania denying his motion for a reduction of sentence pursuant to 18

U.S.C. § 3582(c)(2).  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we

exercise jurisdiction under 28 U.S.C. § 1291.  For the reasons set forth below, we will affirm.

Clayborn pleaded guilty in March of 2006 to conspiring to possess with the intent to

distribute crack cocaine in violation of 21 U.S.C. § 846.  Although the indictment charged him

with conspiring to possess with the intent to distribute more than 50 grams of crack cocaine, the

government agreed in paragraph 1 of the Plea Agreement "not to invoke that amount and will not

require [Clayborn] to plead to a specific amount of crack cocaine."  Paragraph 11 of the Plea

Agreement provided that

> Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the
> government and the defendant stipulate and agree to the following regarding the
> defendant's sentence:  Notwithstanding any Guideline calculation or prior
> conviction, the defendant and the United States agree that the defendant shall
> receive a sentence of 20 years imprisonment . . . .

As a result of these provisions of the Plea Agreement, the statutory maximum penalty of life

imprisonment and the minimum of ten years of imprisonment for the § 846 conspiracy charge no

longer applied.  Instead, as agreed by the parties, Clayborn faced an agreed upon 20 year sentence

under 21 U.S.C. § 841(b)(1)(C).

At sentencing on January 23, 2006, consistent with the Plea Agreement and Rule

11(c)(1)(C), the District Court imposed a sentence of 240 months of imprisonment.  Clayborn

appealed, challenging the reasonableness of his sentence.  We affirmed the District Court's

judgment, citing paragraph 11 of the Plea Agreement, Rule 11(c)(1)(C), and our precedent in

*United States v. Bernard*, 373 F.3d 339 (3d Cir. 2004), which instructs that "[o]nce the District

Court has accepted [a Rule 11(c)(1)(C)] agreement, it is binding."  *Id.* at 344.

Thereafter, when the Sentencing Guidelines were amended in 2007 to decrease the

offense levels for crack cocaine offenses,[1] Clayborn moved for a reduction of sentence under 18

U.S.C. § 3582(c)(2), which permits such a motion for a "defendant who has been sentenced to a

---

[1]Amendment 706 of the U.S. Sentencing Guidelines, § 2D1.1 (2007).

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The District Court denied the motion, explaining that § 3582(c)(2) was inapplicable as Clayborn's sentence was based on a Rule 11(c)(1)(C) Plea Agreement that provided for a specific sentence of 20 years.

Clayborn appealed. He contends the District Court erred by denying the motion because § 3582(c)(2) does not preclude a reduction of his sentence as it was based on a sentencing range of 235 to 240 months.[2] He relies upon the Fourth Circuit's majority opinion in *United States v. Dews*, 551 F.3d 204 (4th Cir. 2008). Subsequent to the briefing in this appeal, however, we agreed with the dissent in *Dews* and concluded that relief under § 3582(c)(2) is not available for a defendant who has been sentenced pursuant to a Rule 11(c)(1)(C) binding plea agreement. *United States v. Sanchez*, ___ F.3d ___, 2009 WL 878189, *4, *5 n.7 (3d Cir. April 3, 2009). Accordingly, we will affirm the order of the District Court.

---

[2]Because this presents a legal question, we exercise plenary review. *United States v. Sanchez*, __ F.3d ___, 2009 WL 878189, *2 (3d Cir. April 3, 2009); *see also United States v. Dews*, 551 F.3d 204, 208 (4th Cir. 2008).