**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3416
_____

UNITED STATES OF AMERICA

v.

TOMMY LEE CLAYBORN,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-05-cr-00051-001)
District Judge: Hon. William W. Caldwell

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 19, 2013

BEFORE: AMBRO, HARDIMAN and COWEN,  Circuit Judges

(Opinion Filed: April 22, 2013)

_____

OPINION
_____

COWEN, Circuit Judge.

Tommy Lee Clayborn ("Clayborn") appeals the order of the District Court denying his motion for sentence reduction under 18 U.S.C. § 3582(c)(2). His counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that no nonfrivilous issues exist for appeal and seeking to withdraw as counsel. We will grant counsel's motion to withdraw and affirm the order of the District Court denying the motion for sentence reduction.

I.

The grand jury charged Clayborn with conspiracy to distribute and possession with intent to distribute in excess of 50 grams of crack cocaine, in violation of 21 U.S.C. § 846, and distribution and possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Clayborn entered into a plea agreement with the government, which provided that Clayborn would plead guilty to a violation of 21 U.S.C. § 846. The government agreed to dismiss the other charge.

The plea agreement stipulated to a sentence of 20 years' imprisonment. It stated, in relevant part:

> Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the government and the defendant stipulate and agree to the following regarding the defendant's sentence: Notwithstanding any Guideline calculation or prior conviction, the defendant and the United States agree that the defendant shall receive a sentence of 20 years imprisonment. The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.

(App. 27 at ¶ 11.) The District Court accepted the Rule 11(c)(1)(C) plea agreement and imposed a sentence of 20 years' imprisonment.

Subsequently, Clayborn filed a counseled motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Clayborn argued that he was eligible for a sentence reduction due to Amendment 750 to the Sentencing Guidelines, which reduced the Guideline range for crack cocaine offenses.[1] The motion argued that, under the new Guidelines, Clayborn's applicable range would be reduced from 235-240 months to 151-188 months. The District Court denied the motion and this appeal followed. As noted, Clayborn's counsel has filed an *Anders* brief, asserting that no nonfrivilous issues exist for appeal and seeking to withdraw as counsel.

The District Court had jurisdiction under 18 U.S.C. § 3582(c)(2). We exercise jurisdiction pursuant to 28 U.S.C. § 1291. We review a denial of a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) for abuse of discretion. *United States v. Mateo*, 560 F.3d 152, 154 (3d Cir. 2009).

II.

In *Anders v. California*, 386 U.S. 738, 744 (1967), the Supreme Court explained the general duties of a lawyer representing an indigent criminal defendant on appeal when the lawyer seeks leave to withdraw from continued representation because there are no nonfrivolous grounds for appeal. The attorney must always "support his client's appeal to

---

[1] Clayborn had previously filed a similar motion to reduce his sentence due to amendments to the crack cocaine Sentencing Guidelines, which was denied, and that denial was affirmed by this Court. *See United States v. Clayborn*, 322 F. App'x 99 (3d. Cir. 2009). The denial was based on this Court's decision in *United States v. Sanchez*, 562 F.3d 275 (3d Cir. 2009). Subsequent to that decision, the Supreme Court modified *Sanchez* in *Freeman v. United States*, 131 S. Ct. 2685 (2011). Clayborn asserted in his motion that he is entitled to relief under *Freeman*.

the best of his ability." *Anders*, 386 U.S. at 744.  If, however, "counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.*

Counsel's request to withdraw must be accompanied by "a brief referring to anything in the record that might arguably support the appeal." *Id.*  While the *Anders* rules are "only suggestive, not prescriptive," the Third Circuit has implemented the *Anders* guidelines through Local Appellate Rule 109.2(a).[2]  *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).  Counsel is required to submit an *Anders* brief, which must "satisfy the court that he or she has thoroughly scoured the record in search of appealable issues," and "explain why the issues are frivolous." *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000).  This Court, after reviewing the *Anders* brief, must determine "(1) whether counsel adequately fulfills the rule's requirements; and (2) whether an

---

[2] Local Appellate Rule 109.2(a) states:

> Where, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), which must be served upon the appellant and the United States.  The United States must file a brief in response.  Appellant may also file a brief in response pro se.  After all briefs have been filed, the clerk will refer the case to a merits panel.  If the panel agrees that the appeal is without merit, it will grant counsel's *Anders* motion, and dispose of the appeal without appointing new counsel.  If the panel finds arguable merit to the appeal, or that the *Anders* brief is inadequate to assist the court in its review, it will appoint substitute counsel, order supplemental briefing and restore the case to the calendar.  The panel will also determine whether to continue the appointment of current counsel or to direct the clerk to discharge current counsel and appoint new counsel.

independent review of the record presents any nonfrivolous issues." *Youla*, 241 F.3d at 300.

III.

Federal Rule of Criminal Procedure 11(c)(1)(C) permits the government and a defendant to enter into a binding agreement, and a panel of this Court has previously held that Clayborn's agreement was binding. *See United States v. Clayborn*, 221 F. App'x 126 (3d Cir. 2007). In *Freeman v. United States*, 131 S. Ct. 2685 (2011), the Supreme Court considered whether a defendant is permitted to move for a reduction of sentence under 18 U.S.C. § 3582(c)(2) when the defendant pleads guilty pursuant to a Rule 11(c)(1)(C) agreement. The *Freeman* Court issued a fractured opinion. Justice Kennedy wrote for a plurality of four justices. Justice Sotomayor filed a concurring opinion. Chief Justice Roberts wrote a dissenting opinion for four justices. Under such circumstances, Justice Sotomayor's concurring opinion is the controlling opinion. *See United States v. Thompson*, 682 F.3d 285, 290 (3d Cir. 2012) ("[B]ecause Justice Sotomayor's opinion is narrower than Justice Kennedy's, it expresses the holding of the Court.").

In her *Freeman* opinion, Justice Sotomayor stated that a defendant is not eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) unless the text of the defendant's plea agreement "expressly uses a Guidelines sentencing range applicable to the charged offense to establish the term of imprisonment." *Freeman*, 131 S. Ct. at 2695. Accordingly, if the plea agreement binds the district court to a term of imprisonment— rather than a range—the imposed sentence "is 'based on' the agreement itself, not on the

5

judge's calculation of the Sentencing Guidelines." *Id.* If the term of imprisonment is "based on the binding agreement" that the parties negotiated pursuant to Rule 11(c)(1)(C), it cannot be disturbed by a motion for sentence reduction. *Id.* at 2697.

The dispositive question in this case is whether Clayborn's Rule 11(c)(1)(C) agreement refers to Sentencing Guidelines or whether it reflects an agreement to a particular sentence. The agreement is clear on its face that the parties agreed to a 20 year sentence, and that the agreement had no basis in the Sentencing Guidelines. The agreement states, in relevant part: "*Notwithstanding any Guideline calculation* or prior conviction, the defendant and the United States agree that the defendant shall receive a sentence of 20 years imprisonment." (App. 27 at ¶ 11 (emphasis added).) As a result of the clear language of the agreement, the District Court properly dismissed the motion for sentence reduction under 18 U.S.C. § 3582(c)(2).[3]

IV.

For the foregoing reasons, we will grant counsel's motion to withdraw as counsel and affirm the order of the District Court denying the motion for sentence reduction.

---

[3] In his motion before the District Court, Clayborn relied on Justice Kennedy's plurality opinion in *Freeman*. Clayborn is correct that he would be entitled to move for a reduction in sentence if Justice Kennedy's opinion reflected the holding of the Court. However, as discussed, Justice Sotomayor's concurring opinion reflects the Court's holding.